**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MINIMAX, et al.,<br><br>Defendants. | Case No. 2:25-cv-08768-SB-E<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE LACK OF PROSECUTION (ECF NO. 17)** |

Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, DreamWorks Animation L.L.C., and Warner Bros. Entertainment Inc., DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., Hanna-Barbera productions Inc. (collectively, "Plaintiffs") hereby respond to the Court's December 23, 2025 Order to Show Cause re Lack of Prosecution, ECF No. 17 ("Order to Show Cause") as follows:

## I. Introduction

Plaintiffs filed this action to address the rampant copyright infringement of defendants MiniMax, Shanghai Xiyu Jizhi Technology Co. Ltd. ("SXJT"), and Nanonoble Pte. Ltd. ("Nanonoble" and with MiniMax and SXJT, "Defendants"). As alleged in the Complaint, Defendants operate a Chinese artificial intelligence ("AI") image and video generating service that pirates and plunders Plaintiffs' copyrighted works on a massive scale. All three defendants are foreign companies. The Complaint alleges that defendants MiniMax and SXJT are Chinese companies and that Nanonoble is a Singaporean company. As a result, the 90-day service limit of Federal Rule of Civil Procedure 4(m) is not applicable. Moreover, as set forth in the corresponding declaration of David R. Singer, Plaintiffs have been diligent in their attempts to effectuate service on these foreign companies under the Hague Convention. Therefore, this Court should not dismiss the Complaint and should instead discharge the Order to Show Cause.

## II. Plaintiffs Have Made Diligent Efforts To Serve The Complaint

Plaintiffs have been diligent in their attempts to serve the Defendants in this litigation since the summons issued on September 23, 2025. Plaintiffs promptly engaged specialist in service of process in Singapore and China to coordinate service under the Hague Convention. Declaration of David R. Singer ("Singer Decl."), ¶ 5. On October 28, 2025, Plaintiffs submitted a request for service of the Summons, Complaint, and additional case initiating documents on Nanonoble with the Singaporean Ministry of Law pursuant to the Hauge Convention. *Id*., ¶ 7, Ex. A. Plaintiffs have been informed that service of

process under the Hague Convention in Singapore may take eight to ten months. *Id.*, ¶ 7. Nanonoble did not respond to an October 14, 2025 email inquiry from counsel for Plaintiffs regarding service of process. *Id.*, ¶ 6.

With respect to SXJT, Plaintiffs conducted additional investigation to determine the accurate entity addresses, as required for service with the Chinese authority. On October 22, 2025, Plaintiffs submitted a request for an updated summons on SXJT. That summons was issued by this Court on October 27, 2025. On November 10, 2025, Plaintiffs submitted a request for service of the Summons, Complaint, and additional case initiating documents on SXJT with the Chinese Ministry of Justice of China pursuant to the Hauge Convention. *Id.*, ¶ 8, Ex. B. Plaintiffs have been informed that service of process under the Hague Convention in China may take eighteen to twenty-four months. *Id.*, ¶ 8. Notably, for both SXJT and Nanonoble, the requisite documents were submitted for service well within the 90-day period of Rule 4(m).

With respect to MiniMax, Plaintiffs' investigation has not yet revealed a formal corporate entity or service address.[1] *Id.*, ¶ 9. Plaintiffs continue to diligently investigate defendant MiniMax to determine the information necessary to effectuate service.

**III.   Rule 4(m) Does Not Apply Because Each Defendant Is A Foreign Company**

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the rule expressly states that, "subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." *Id.*; *see also Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991); *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 388 (N.D. Cal. 2012)

---

[1] Plaintiffs are informed and believe that MiniMax is a foreign entity located in China. Compl., ¶ 32; *see* https://techcrunch.com/2025/01/15/chinese-ai-company-minimax-releases-new-models-it-claims-are-competitive-with-the-industrys-best/. The Complaint alleges that MiniMax is a privately held Chinese company, or alternatively, a subsidiary, division, or d/b/a of SXJT. Compl., ¶ 32.

("The plain language of Rule 4(m) clearly exempts service in a foreign country."). This exception "recognize[s] that the timeliness of foreign service is often out of the plaintiff's control." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). Instead, a plaintiff service a foreign entity need only "demonstrate[] due diligence in attempting service." *Digital Mktg. Corp. v. Manufacturas Post Form, S.A. de C. V.*, No. 220CV06223RGKAFM, 2021 WL 8820224, at *2 (C.D. Cal. Nov. 19, 2021).

Here, each defendant is a foreign entity that must be served outside of the United States as set forth in Rule 4(h)(2) and 4(f)(1). Compl., ¶¶ 32–34. As discussed above, Plaintiffs are diligently pursuing service under the Hague Convention consistent with Rule 4(f)(1). Therefore, the 90-day service requirement under Rule 4(m) is not applicable and the Court should not dismiss Plaintiffs' Complaint.

## IV. Conclusion

Therefore, Plaintiffs respectfully that the Court discharge the Order to Show Cause.

Dated: December 24, 2025         JENNER & BLOCK LLP

By: /s/ David R. Singer
David R. Singer
Julie A. Shepard
Lauren M. Greene

*Attorneys for Plaintiffs*