**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MINIMAX, et al.,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-08768-SB-E<br><br>**PLAINTIFFS' RESPONSE TO COURT'S ORDER RE STATUS REPORT ON SERVICE OF PROCESS AND INVESTIGATION OF DEFENDANT MINIMAX**<br><br>Judge: Stanley Blumenfeld, Jr.<br>Courtroom: 6C<br>Status Conference Date: Feb. 6, 2026<br>Time: 8:30 AM<br>Trial Date:　　N/A<br>PTC Date:　　N/A |

Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, DreamWorks Animation L.L.C., Warner Bros. Entertainment Inc., DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., and Hanna-Barbera Productions Inc. (collectively "Plaintiffs") hereby submit this status report in response to the Court's January 17, 2026 Order Discharging Order to Show Cause [Dkt. No. 17] And Setting Status Conference (ECF No. 19) (the "January 17 Order"), as follows:

**I.   UPDATE ON SERVICE OF PROCESS OF DEFENDANTS SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD. AND NANONOBLE PTE. LTD.**

Plaintiffs, through their undersigned counsel, have been working diligently to serve Defendants Shanghai Xiyu Jizhi Technology Co. Ltd. ("SXJT") which is located in China (Dkt No. 1, ¶ 33) and Nanonoble Pte. Ltd. ("Nanonoble") which is located in Singapore (Dkt No. 1, ¶ 34). As the Court recognized in the January 17 Order, the 90-day deadline to serve a defendant after the filing of a complaint does not apply in cases involving service in a foreign country. *See* Fed. R. Civ. P. 4(m). Instead, service of process is governed by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *See* Fed R. Civ. P. 4(f)(1), 4(h) (authorizing service on foreign corporations under the Hague Convention).

Plaintiffs have been following the procedures of the Hague Convention. Under Article 5 of the Hague Convention, "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either - *a)* by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or *b)* by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed." *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 5, Nov. 15, 1965, 658 U.N.T.S. 163. Further, with respect to entities located in China, all papers to be served must be translated prior to service. *See id.* ("the Central Authority may require the document to be written in, or translated into, the

official language or one of the official languages of the State addressed."); *see also China - Central Authority & Practical Information*, Hague Conference on Private International Law (updated Jan. 15, 2026), https://www.hcch.net/en/states/authorities/details3/?aid=243 ("According to the Civil Procedure Law of the People's Republic of China, service requested within the meaning of Art. 5(1) of the Convention requires that all documents and evidence to be served must be written in Chinese or that a translation in Chinese be attached thereto . . . .").

Plaintiffs promptly took the steps necessary to accomplish, and have initiated, service of process under the method set forth in Article 5(a), as described in further detail in the attached Declaration of David Singer. Among other things, Plaintiffs (1) retained Viking Advocates, LLC ("Viking") based on their experience with service of process on foreign defendants in connection United States federal court proceedings, and have been working with Viking to ensure that service will be completed in China and Singapore as quickly as possible with respect to any steps that are within Plaintiffs' control, (2) worked with TransPerfect and First Legal to have the 119-page complaint, all accompanying exhibits and documents, and all documents issued by the Court after the complaint was filed translated into Mandarin, and (3) sought an amended summons to SXJT to address an issue with the original summons which could have slowed down service. Singer Decl., ¶¶ 12–13, 20–21. Plaintiffs obtained the necessary translations, investigated and obtained (to the best of their ability) Defendants' local addresses in Singapore and China, and with assistance from Viking delivered the necessary materials and service request for Nanonoble to the Singaporean Central Authority within 42 days of the filing of the complaint and delivered the necessary materials and service request for SXJT to the Chinese Central Authority within 55 days of the filing of the complaint. As the Ninth Circuit has recognized, "[o]nce a plaintiff sends a request for service to the central authority, that person loses control of service of process because Article 5(a) of the Hague Convention provides that the designated central authority is solely responsible for serving the document or for arranging to have it served." *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075,

1077 (9th Cir. 1999). As such, applying the Rule 4(m) 90-day time limitation to service of process on foreign defendants could jeopardize plaintiffs' ability to "vindicate their rights" and could "encourage a designated central authority to delay serving defendants in order to protect them from liability in another country." *Id.* Indeed, as the Ninth Circuit has acknowledged, "federal courts have recognized that central authorities can and do take significantly longer than 90 days to arrange for service of process." *Id.*

Plaintiffs do not currently have an estimated timeline for completion of service of process on SXJT or Nanonoble under the Hague Convention. If the Court believes it would be beneficial for case management purposes, Plaintiffs propose filing quarterly status reports updating the Court on the status of Plaintiffs' efforts to serve Defendants. Further, once Plaintiffs receive proof of service on any Defendant, Plaintiffs intend to file that proof of service with the court within five (5) court days of its receipt.

Additionally, if at any time, the Court believes that service of process is taking an unreasonably long amount of time under the methods set forth by the Hague Convention, Plaintiffs would request that the Court set a status conference with Plaintiffs' counsel to discuss the situation, and provide Plaintiffs with a reasonable opportunity to seek leave of Court to initiate service through alternative methods such as service by email. Plaintiffs understand that litigants in other cases have requested such relief by filing an Ex Parte Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), and respectfully request that the Court provide guidance as to the appropriate timing of such a motion, such as an approximate date at which, if service of process has not been effectuated by the appropriate Central Authorities, it would be appropriate for Plaintiffs to file such a motion.

## II. UPDATE ON INVESTIGATION OF MINIMAX

Plaintiffs have taken reasonable steps to investigate Defendant MiniMax to find the business registration and contact information necessary to submit a Request for Service Abroad of Judicial or Extrajudicial Documents on MiniMax. Plaintiffs' investigation

found that SXJT and Nanonoble are companies related to MiniMax and found sufficient information on those entities to commence service of process under the Hague Convention.

However, Plaintiffs have been unable to find a registered business with the name "MiniMax" in the People's Republic of China. Plaintiffs understand that MiniMax may simply be registered trademark, brand name, or fictitious name ("dba") used by SXJT and/or Nanonoble in operating the service at issue in the Complaint. The steps undertaken to investigate the form and structure of Defendant MiniMax so far are described in further detail in the attached Declaration of David R. Singer.

Plaintiffs believe it may be most efficient to wait for Nanonoble or SXJT to appear through counsel in this case so that Plaintiffs may seek to obtain information about MiniMax either informally or through limited discovery to uncover the necessary details to serve or, if necessary, request dismissal of Defendant MiniMax.

### III. CONCLUSION

As noted above, Plaintiffs have proceeded diligently to effectuate service of process under the Hague Convention. In order to keep the Court apprised of the status of service on SXJT and Nanonoble, Plaintiffs suggest that (1) if it would be helpful to the Court, Plaintiffs file quarterly status reports to with an update on the current status of service of process under the Hague Convention, (2) Plaintiffs file proof of service on any Defendant within five (5) court days of its receipt, and (3) if at any time the Court becomes concerned with the amount of time the respective Central Authorities are taking to compete service of process on Nanonoble or SXJT, the Court would either set a status conference to discuss, or otherwise provide Plaintiffs a reasonable opportunity to seek leave of court to use alternative methods of service.

1  Dated: January 30, 2026              JENNER & BLOCK LLP
2
3                                       By: _____/s/ David R. Singer_____
4                                             David R. Singer
                                              Julie A. Shepard
5                                             Lauren M. Greene
6
                                        *Attorneys for Plaintiffs*
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28