QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert M. Schwartz (Bar No. 117166)
   robertschwartz@quinnemanuel.com
  Daniel C. Posner (Bar No. 232009)
   danposner@quinnemanuel.com
  Aaron Perahia (Bar No. 304554)
   aaronperahia@quinnemanuel.com
  Moon Hee Lee (Bar No. 318020)
   moonheelee@quinnemanuel.com
  Bradley Kahn (Bar No. 364637)
   bradleykahn@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant Shanghai Xiyu Jizhi Technology Co. Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

DISNEY ENTERPRISES, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; MARVEL CHARACTERS, INC., a Delaware corporation; MVL FILM FINANCE LLC, a Delaware limited liability company; LUCASFILM LTD. LLC, a California limited liability company; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; DC COMICS, a New York general partnership; THE CARTOON NETWORK, INC., a Delaware corporation; TURNER ENTERTAINMENT CO., a Delaware corporation; HANNA-BARBERA PRODUCTIONS, INC., a Delaware corporation; and DREAMWORKS

Case No. 2:25-cv-08768-SB-E

**NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS MINIMAX AND SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD. PURSUANT TO FED. R. CIV. P. 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**

Date:    May 29, 2026
Time:    8:30 a.m.
Place:    Courtroom 6C
Judge:    Hon. Stanley Blumenfeld, Jr.

Trial Date:    Not Set

Case No. 2:25-cv-08768-SB-E

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)

ANIMATION L.L.C., a Delaware limited liability company,

   Plaintiffs,

  vs.

MINIMAX, a Chinese company; SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD., a Chinese limited company; NANONOBLE PTE. LTD., a Singaporean private limited company and DOES 1 through 20, inclusive,

   Defendants.

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on Friday, May 29, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Stanley Blumenfeld Jr., in Courtroom 6C, United States District Court for the Central District of California, First Street Courthouse, 350 W. First Street, Los Angeles, California, 90012, Defendants MiniMax and Shanghai Xiyu Jizhi Technology Co. Ltd. ("**SXJT**," and collectively, "**Defendants**") will, and hereby do, move the Court for an order dismissing the Complaint, with prejudice.

Defendant Nanonoble Pte. Ltd. has filed a separate motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). If the Court denies this motion to dismiss Defendants MiniMax and SXJT under Rule 12(b)(2), the arguments in Nanonoble's Rule 12(b)(6) motion apply with equal force to all three Defendants, and the Court should dismiss the claims against all Defendants on that basis.

Defendants make this Motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that:

1.    Plaintiffs Disney Enterprises, Inc., Universal City Studios Productions LLLP, Warner Bros. Entertainment Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., Hanna-Barbera Productions, Inc., and DreamWorks Animation L.L.C. (collectively, the "**Studios**"), cannot establish personal jurisdiction over Defendant MiniMax because no entity by that name exists. No one has registered or organized a company called "MiniMax" anywhere in the world. If the Studios intend to sue another entity within the MiniMax Group, they cannot show minimum contacts between that entity and the United States for the same reasons their allegations fail against SXJT.

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)

2.    The Studios cannot establish general personal jurisdiction over Defendant SXJT because it is a foreign corporation headquartered abroad.

3.    The Studios cannot establish specific personal jurisdiction over Defendant SXJT because they fail to allege the requisite minimum contacts between SXJT and the United States.  The Studios fail to differentiate their jurisdictional allegations among Defendants, and they cannot attribute Defendant Nanonoble's contacts to Defendant SXJT.

Defendants base this Motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Xue Zizhao ("**Xue Decl.**") and the exhibits thereto, the Declaration of Daniel C. Posner ("**Posner Decl.**"), the documents on file in this action, and any other evidence or argument presented to the Court, as well as matters of which the Court may take judicial notice.

**Compliance with Local Rule 7-3 (Pre-Filing Conference of Counsel)**

Defendants bring this Motion after the March 26, 2026 meet-and-confer conference conducted under Central District Local Rule 7-3.  Counsel for the parties met and conferred by Zoom videoconference.  Attorneys David Singer, Lauren M. Greene, and Andrew J. Thomas attended on behalf of the Studios, and Daniel C. Posner, Aaron Perahia, and Bradley Kahn attended on behalf of MiniMax and SXJT.  During the conference, counsel for the parties discussed the substance of the Motion and the possibility of resolution, including the issues and arguments in the Notice and Memorandum of Points and Authorities.  The Studios declined to voluntarily dismiss this action or amend the Complaint.  *See* Posner Decl., ¶ 3.

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)

Dated:  April 10, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART
     & SULLIVAN, LLP

Robert M. Schwartz
Daniel C. Posner
Aaron Perahia
Moon Hee Lee
Bradley Kahn

By_____
     Robert M. Schwartz
*Attorneys for Defendant SXJT*

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................... 1

JURISDICTIONAL ALLEGATIONS OF THE COMPLAINT ............................... 2

ARGUMENT ........................................................................................................... 3

I.  THE COURT CANNOT EXERCISE JURISDICTION OVER THE NONEXISTENT ENTITY "MINIMAX" ........................................................ 3

II.  THE STUDIOS CANNOT ESTABLISH PERSONAL JURISDICTION OVER SXJT ................................................................. 4

    A.  SXJT Is Not Subject to General Jurisdiction. ....................................... 4

    B.  SXJT Is Not Subject to Specific Jurisdiction ....................................... 5

CONCLUSION ........................................................................................................ 9

CERTIFICATE OF L.R. 11-6.1 COMPLIANCE RE: WORD COUNT ................. 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*AMA Multimedia, LLC v. Wanat*,
  970 F.3d 1201 (9th Cir. 2020)................................................................3

*Briskin v. Shopify*,
  135 F.4th 739 (9th Cir. 2025)............................................................3, 5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................4

*Fumoto Giken Co. Ltd. v. Mistuoka*,
  2015 WL 12766167 (C.D. Cal. Apr. 16, 2015)......................................7

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
  284 F.3d 1114 (9th Cir. 2002) ..............................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .............................................................................4

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir. 2003) ..............................................................3

*Henry v. Trump*,
  2010 WL 11601068 (C.D. Cal. Sep. 15, 2010)......................................3

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) .............................................................5, 6

*Om Records, LLC v. OM Developpement, SAS*,
  2024 WL 3049449 (N.D. Cal. June 17, 2024) .......................................7

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015)...............................................................8

*Rivera v. N.Y.C.*,
  2022 WL 1523165 (S.D.N.Y. May 13, 2022).........................................3

*Sandoval v. M1 Auto Collisions Centers*,
  309 F.R.D. 549 (N.D. Cal. 2015) ..........................................................4

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..................................................................................... 3

*Sher v. Johnson*,
   911 F.2d 1357, 1365 (9th Cir. 1990) ........................................................................ 6

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................. 3, 8

*Walden v. Fiore*,
   571 U.S. 277 (2014) ............................................................................................... 8, 9

*Ward v. Jump Trading, LLC*,
   2026 WL 145846 (N.D. Cal. Jan. 20, 2026) ............................................................ 6

*Williams v. Yamaha Motor Co. Ltd.*,
   851 F.3d 1015 (9th Cir. 2017) ................................................................................... 8

*Xavier v. AutoNation, Inc.*,
   2026 WL 166909 (C.D. Cal. Jan. 14, 2026) ............................................................. 8

## Other Authorities

Fed. R. Civ. P. 4(k)(2) .......................................................................................... 2, 5, 7

Fed. R. Civ. P. 12(b)(2) ............................................................................................ 2, 3

Rule 12(b)(6) ................................................................................................................. 2

# INTRODUCTION

The Court should dismiss Defendants MiniMax and SXJT for lack of personal jurisdiction. The Studios have sued three Defendants but alleged U.S.-directed contacts for only one: Nanonoble. To reach the other two, the Studios define "MiniMax" to mean all three entities and attribute every alleged act or omission—the website, the app stores, the payments, the advertising, the Terms of Service—to that collective term. Due process, however, requires the Court to analyze each Defendant's contacts individually. When the Court does so, the Studios' jurisdictional theory against Defendants MiniMax and SXJT collapses.

Defendant "MiniMax" does not exist as a legal entity. Several entities affiliated with SXJT and Nanonoble include "MiniMax" in their corporate names. But none is named simply "MiniMax," and the Studios did not sue any of them. The Studios' fallback position—that "MiniMax" is a "d/b/a" of SXJT—does not supply any additional jurisdictional contacts. A d/b/a is the same entity under a different name. The jurisdictional analysis for "MiniMax" thus reduces to SXJT. And SXJT lacks minimum contacts with the U.S.

SXJT is a Chinese company headquartered in Shanghai with one alleged contact with the U.S.: trademark applications for the mark "MiniMax." Courts in this Circuit hold that a trademark filing, standing alone, does not show purposeful direction. Every other allegation in the Complaint—the forum selection clause, the developer agreements, the payment processing, the social media advertising, the content distribution—concerns Nanonoble, not SXJT.

The Studios try to bridge that gap by alleging that SXJT "controls" MiniMax and that Nanonoble acts as MiniMax's "agent." But those are conclusory labels, not facts. The Studios do not plausibly allege any operational control or disregard of corporate formalities. And the underlying premise is wrong: SXJT does not own or control Nanonoble. The Court should dismiss both Defendants.

Defendants MiniMax and SXJT file this Rule 12(b)(2) motion contemporaneously with Defendant Nanonoble's Rule 12(b)(6) motion.  If the Court denies this motion, the arguments in Nanonoble's motion apply to all three Defendants with equal force and the Court should dismiss all three Defendants.

**JURISDICTIONAL ALLEGATIONS OF THE COMPLAINT**

The Studios have sued three defendants: (1) "MiniMax, a Chinese company," (2) "Shanghai Xiyu Jizhi Technology Co. Ltd., a Chinese limited company" ("SXJT"), and (3) "Nanonoble PTE Ltd., a Singaporean private limited company" ("Nanonoble").  *See* Compl. (Dkt. 1), Caption Page & ¶¶ 32-34.  The Studios do not allege that any of the Defendants maintains offices, employees, servers, or operations in the United States.  *See id*.

The Studios invoke Rule 4(k)(2) and attribute every jurisdictional contact to the collective label "MiniMax"—which they define to encompass all three Defendants—without identifying which entity engaged in which conduct.  *See* Compl. ¶¶ 1, 36(a)-(m).  The Studios tie no specific U.S.-directed conduct to the entity they call "MiniMax," and they tie only one act to SXJT: the filing of U.S. trademark applications for the mark "MiniMax."  *Id*. ¶ 33, Ex. E.  Where the Studios identify a specific entity behind U.S.-directed conduct, that entity is Nanonoble. Nanonoble is the Apple App Store "Developer" of the Hailuo AI app.  *Id*. ¶ 34. Nanonoble receives payment for U.S. Hailuo AI subscriptions.  *Id*.  Nanonoble filed the U.S. trademark applications for the mark "Hailuo."  *Id*., Ex. F.  And Nanonoble is the contracting party under the Terms of Service, including with respect to the U.S. forum selection clause that the Studios invoke.  *Id*. ¶ 36(d).

The Studios describe "MiniMax" in the alternative as either a standalone Chinese company or "a subsidiary, division, or d/b/a of defendant [SXJT]," and they allege that SXJT "controls, in whole or in part, MiniMax and participates in its operations."  Compl. ¶¶ 32-33.  The Complaint pleads no facts to support these

assertions—no commingled finances, no shared books and records, and no disregard of corporate formalities. *See id.*

## ARGUMENT

The Studios bear the burden of showing personal jurisdiction over both MiniMax and SXJT. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[W]here a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) ("Personal jurisdiction over each defendant must be analyzed separately."). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations" do not suffice. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Nor do "disputed allegations in the complaint that are not supported with evidence or affidavits." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020), *overruled in part on other grounds*, *Briskin v. Shopify*, 135 F.4th 739 (9th Cir. 2025).

Because California's long-arm statute "permits the exercise of jurisdiction to the limits of due process," "the analysis of personal jurisdiction under California's long-arm and the [Due Process Clause] collapse into one." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). The Studios fail to meet that burden for either Defendant.

## I.   THE COURT CANNOT EXERCISE JURISDICTION OVER THE NONEXISTENT ENTITY "MINIMAX"

A court cannot exercise personal jurisdiction over an entity that does not exist. *See Henry v. Trump*, 2010 WL 11601068, at *3 (C.D. Cal. Sep. 15, 2010) (dismissing suit against "phantom party" under Rule 12(b)(2) when plaintiffs failed to dispute that the named defendant did not exist); *Rivera v. N.Y.C.*, 2022 WL 1523165, at *3 (S.D.N.Y. May 13, 2022) ("[T]he court lacks personal jurisdiction over an entity that does not exist.") (quotation omitted).

No legal entity called "MiniMax" exists.  The Studios describe this Defendant as either "a privately held Chinese company" or "a subsidiary, division, or d/b/a of defendant [SXJT]."  Compl. ¶ 32.  Neither description identifies an actual entity. No entity within the MiniMax Group bears the standalone legal name "MiniMax"; certain subsidiaries include the term "MiniMax" in their corporate names, but no entity is named simply "MiniMax."  Xue Decl. ¶ 7.  And the Studios' description of the corporate hierarchy is wrong: SXJT is not the parent of any entity merely called "MiniMax."  *Id.* ¶¶ 3-4, 7.

The Studios' fallback—that "MiniMax" is a "d/b/a" of SXJT (Compl. ¶ 32)— fares no better.  A "d/b/a" is not a separate legal entity; it is the name under which the principal does business.  If "MiniMax" is SXJT's d/b/a, the Studios have named the same entity twice, and the jurisdictional analysis reduces to the SXJT analysis below, which fails.  *See, e.g.*, *Sandoval v. M1 Auto Collisions Centers*, 309 F.R.D. 549, 560 (N.D. Cal. 2015) (finding that "use of a fictitious business name does not create a separate legal entity") (quotation omitted).  The Studios also cite minimax.io as evidence that "MiniMax identifies itself as the developer of Hailuo AI."  Compl. ¶ 32, Ex. D  But a brand name used on a website does not create a legal entity that can be sued, and the Studios do not allege which legal entity operates that site.

## II.   THE STUDIOS CANNOT ESTABLISH PERSONAL JURISDICTION OVER SXJT

### A.   <u>SXJT Is Not Subject to General Jurisdiction.</u>

SXJT is not "at home" in this forum.  General jurisdiction reaches a corporation only where it "is fairly regarded as at home"—for a corporation, "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  SXJT is a Chinese limited company headquartered in

Shanghai.  Compl. ¶ 33.  It is not incorporated in the United States and does not maintain its principal place of business here.

### B.    SXJT Is Not Subject to Specific Jurisdiction.

The Studios invoke Fed. R. Civ. P. 4(k)(2).  Compl. ¶ 36.  Rule 4(k)(2) permits personal jurisdiction when: (1) the claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in any state court of general jurisdiction, and (3) the exercise of jurisdiction comports with due process.  *AMA Multimedia*, 970 F.3d at 1208.  Under Rule 4(k)(2), courts "consider contacts with the nation as a whole" rather than contacts with the forum state.  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).

To satisfy Rule 4(k)(2), the Studios bear the burden of showing that: (1) SXJT "purposefully direct[ed] [its] activities toward the forum" or "purposefully avail[ed] [itself] of the privileges of conducting activities in the forum"; (2) the Studios' claims "arise[] out of or relate[] to the defendant's forum-related activities"; and (3) that "the exercise of jurisdiction . . . comport[s] with fair play and substantial justice."  *AMA Multimedia*, 970 F.3d at 1208 (citation omitted).  "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law."  *Id.*

The Studios fail at prong one.  They do not allege that SXJT itself directed its own activities toward the U.S.  Every U.S.-directed contact alleged in the Complaint belongs to Nanonoble.  The Studios' allegations fail for six reasons.

*First*, the Studios' collective "MiniMax" label cannot supply SXJT's contacts.  The Studios define "MiniMax" to mean all three Defendants, then attribute every jurisdictional contact to that label without identifying which entity did what.  Compl. ¶¶ 36(a)-(m).  "MiniMax" purportedly collects payments through Stripe (*id*. ¶ 36(f)), uses Cloudflare for content delivery (*id*. ¶ 36(e)), advertises on social media (*id*. ¶¶ 36(i)-(k)), registers a domain through GoDaddy (*id*. ¶ 36(c)), and distributes allegedly infringing content to U.S. subscribers (*id*. ¶ 36(l)).  The

Studios never identify which Defendant did any of those things.  That approach fails because "jurisdiction over each defendant must be established individually."  *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990); *see Ward v. Jump Trading, LLC*, 2026 WL 145846, at *5 (N.D. Cal. Jan. 20, 2026) (giving "little weight" to "undifferentiated jurisdictional allegations lumping [defendants] together").

*Second*, the Hailuo AI Terms of Service do not bind SXJT.  A forum selection clause binds only the entity that agreed to it.  *Holland Am. Line*, 485 F.3d at 458 (holding that bare allegations of agency authority, without evidence, cannot show that one entity consented to jurisdiction on behalf of another).  The Studios cite the Terms' U.S. forum selection clause and the statement that Hailuo AI is "protected by" U.S. intellectual property laws.  Compl. ¶¶ 36(d), (h).  But the Terms identify only Nanonoble as the party, not SXJT: "These terms of use are entered into . . . between you and Nanonoble Pte. Ltd."  Xue Decl., Ex. A (Terms of Service); *see id.*, Ex. B (Privacy Policy) (same).  Neither document identifies "MiniMax" or SXJT as a contracting party, and the Studios do not allege that Nanonoble had authority to consent to jurisdiction on SXJT's behalf.  *Id.*, Exs. A & B.

*Third*, one entity's contract with a third party cannot establish a different entity's contacts with the forum absent proof of agency.  The Studios allege that Defendants distribute Hailuo AI through the Apple App Store and Google Play Store and, by doing so, "agreed to be subject to personal jurisdiction in California."  Compl. ¶ 36(a).  But the Studios do not say which Defendant is a party to those agreements.  At the Apple App Store, Apple identifies Nanonoble as the developer of the Hailuo AI application.  Xue Decl., Ex. C (Apple App Store listing).  At the Google Play store, Google lists "MiniMax AI" as the developer display name, but identifies Nanonoble as the developer of the Hailuo AI application.  *Id.*, Ex. D (Google Play Store listing).  SXJT appears on neither listing.  *Id.*, Exs. C & D.  The Studios' own exhibits drive the point home: The Studios allege that "MiniMax"

filed trademark applications for "Hailuo" (Compl. ¶ 36(g)), but Exhibit F shows that Nanonoble filed them. *Id*. ¶ 34, Ex. F.

*Fourth*, SXJT's sole entity-specific allegation—U.S. trademark applications for the mark "MiniMax" (Compl. ¶ 33, Ex. E)—is insufficient to show purposeful direction. "The mere registration of a trademark with the PTO, without more," does not amount to the "type of minimum contacts which would justify haling a foreign defendant into federal court." *Fumoto Giken Co. Ltd. v. Mistuoka*, 2015 WL 12766167, at *5 (C.D. Cal. Apr. 16, 2015) (declining to exercise jurisdiction under Rule 4(k)(2) even where the defendant also maintained an interactive website and had solicited U.S. business); *accord Om Records, LLC v. OM Developpement, SAS*, 2024 WL 3049449, at *12-13 (N.D. Cal. June 17, 2024) (finding *Fumoto* "persuasive" and collecting cases holding that "trademarks or trademark applications do not, without more, establish express aiming"). Those trademark applications are the only contact the Studios tie to SXJT by name, and the Studios allege nothing more.

*Fifth*, the Studios cannot attribute Nanonoble's U.S. contacts to SXJT. The Studios do not allege that SXJT controls Nanonoble or that any direct relationship exists between them. The Studios allege only that SXJT "controls" an entity called "MiniMax" (Compl. ¶ 33), and that Nanonoble "acts as the agent of MiniMax and/or an affiliate of MiniMax and operates at the direction of and/or under the control of MiniMax" (*id*. ¶ 34). Without "MiniMax," no alleged connection between SXJT and Nanonoble exists. And no entity called "MiniMax" exists. Xue Decl. ¶ 7; *see supra* Section I. SXJT cannot "control" a nonexistent entity, and Nanonoble cannot serve as nonexistent entity's "agent" or "affiliate."

Even reading the Studios' allegations to assert a direct SXJT-Nanonoble relationship, they fail under every doctrine they invoke. Alter ego requires "such unity of interest and ownership that the separate personalities [of the two entities] no longer exist"—the parent must "dictate[] every facet of the subsidiary's business—

7

from broad policy decisions to routine matters of day-to-day operation." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (citation omitted). Agency requires "the right to substantially control [the] subsidiary's activities." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017). But common corporate ownership alone does not permit any attribution. *Ranza*, 793 F.3d at 1070-71 (holding that a parent-subsidiary relationship is "insufficient, on its own, to justify imputing one entity's contacts with a forum state to another").

The Studios satisfy none of these standards. They offer mere labels— "controls," "participates in," "agent," "affiliate," "operates at the direction of"—but no facts. Compl. ¶¶ 33-34. The Studios do not allege commingled funds, shared books and records, or disregarded corporate formalities. Nor do they allege any specific instruction, directive, or act of control. The Studios' allegation that SXJT "participates in . . . the conduct alleged herein" (*id.* ¶ 33) is conclusory; it provides none of the required detail about what SXJT supposedly did, when, or how. These are the "bare bones assertions" and "legal conclusions unsupported by specific factual allegations" that the Ninth Circuit has held insufficient. *Swartz*, 476 F.3d at 766 (citation omitted).

Nanonoble contracts in its own name, files U.S. trademarks in its own name, maintains separate bank accounts and corporate records, and appears as the developer on every U.S. app store listing. Xue Decl. ¶¶ 4, 6, 14, 15, Exs. A-D. A corporate relationship between affiliated entities does not erase those boundaries. *Xavier v. AutoNation, Inc.*, 2026 WL 166909, at *5 (C.D. Cal. Jan. 14, 2026) (finding no express aiming where plaintiff failed to allege the parent "directed, controlled, or ratified the subsidiaries' alleged [misconduct]" or "exercised control over the subsidiaries' day-to-day operations relevant to the alleged misconduct").

***Finally***, the Studios' allegation that SXJT's conduct "caused harm to Plaintiffs in California" (Compl. ¶ 36(m)) does not fill the gap. "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571

U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* The Studios do not allege that SXJT took any action in or toward the United States. Harm felt in California does not create jurisdiction over a Chinese company that directed no conduct at this forum. *Id.* at 285 ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

## CONCLUSION

The Court should dismiss Defendants MiniMax and SXJT for lack of personal jurisdiction.

Dated:  April 10, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
Robert M. Schwartz
Daniel C. Posner
Aaron Perahia
Moon Hee Lee
Bradley Kahn

By: _____
    Robert M. Schwartz
*Attorneys for Defendant SXJT*

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)

**CERTIFICATE OF L.R. 11-6.1 COMPLIANCE RE: WORD COUNT**

The undersigned, counsel of record for SXJT, certifies that this brief contains 2,700 words, which complies with the word limit of L.R. 11-6.1.

Dated:  April 10, 2026                    Respectfully submitted,

QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
  Robert M. Schwartz
  Daniel C. Posner
  Aaron Perahia
  Moon Hee Lee
  Bradley Kahn

By: _____
    Robert M. Schwartz
*Attorneys for Defendants SXJT*

MOTION TO DISMISS DEFENDANTS MINIMAX AND SXJT PURSUANT TO FED. R. CIV. P. 12(b)(2)