**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MINIMAX, et al., <br><br> Defendants. | Case No. 2:25-cv-08768-SB-E <br><br> Hon. Judge Stanley Blumenfeld, Jr. <br><br> **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS DEFENDANTS MINIMAX AND SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD. PURSUANT TO RULE 12(b)(2)** <br><br> Date:  May 29, 2026 <br> Time:  8:30 a.m. <br> Ctrm:  6C <br><br> Trial Date: not set |

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

## I.    REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, DreamWorks Animation L.L.C., Warner Bros. Entertainment Inc., DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., and Hanna-Barbera Productions Inc. (collectively, "Plaintiffs") respectfully request that the Court take judicial notice of the following documents in connection with their Opposition to Motion to Dismiss Defendants MiniMax and Shanghai Xiyu Jizhi Technology Co. Ltd. Pursuant to Rule 12(b)(2):

1.  **Exhibit 1 to the Declaration of Lauren M. Greene ("Greene Decl.")**: United States Patent and Trademark Office ("USPTO") file for SXJT's trademark application for MiniMax serial number 98/683,675 which was downloaded from the public website of the USPTO, https://tsdr.uspto.gov/#caseNumber=98683675&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch, on or about April 27, 2026.

2.  **Exhibit 2 to the Greene Decl.**: USPTO file for SXJT's trademark application for MiniMax serial number 98/683,656 which was downloaded from the public website of the USPTO, https://tsdr.uspto.gov/#caseNumber=98683656&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch, on or about April 27, 2026.

3.  **Exhibit 3 to the Greene Decl.**: USPTO file for SXJT's Trademark Registration No. 8,036,711 for MiniMax which was downloaded from the public website of the USPTO, https://tsdr.uspto.gov/#caseNumber=8036711+&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch, on or about April 29, 2026.

4.  **Exhibit 4 to the Greene Decl.**: Profile page for the HailuoAI (MiniMax) YouTube account, located at: https://www.youtube.com/@Hailuoai_MiniMax.

5.  **Exhibit 5 to the Greene Decl.**: Profile page for the HailuoAI (MiniMax) Instagram account, located at: https://www.instagram.com/hailuoai_official/.

6. **Exhibit 6 to the Greene Decl.**: Profile page for the HailuoAI (MiniMax) X account, located at: https://x.com/Hailuo_AI.

7. **Exhibit 7 to the Greene Decl.**: Profile page for the MiniMax (official) X account, located at: https://x.com/MiniMax_AI.

8. **Exhibit 8 to the Greene Decl.**: Features & Labels, Inc. ("fal.ai") webpage providing API access to the MiniMax Hailuo text-to-video model, located at: https://fal.ai/models/fal-ai/minimax/hailuo-2.3/standard/text-to-video.

9. **Exhibit 9 to the Greene Decl.**: April 15, 2025 MiniMax press release titled "MiniMax Partners With fal.ai to Bring a One-Stop Solution to Developers," located at: https://www.minimax.io/news/minimax-partners-with-falai.

10. **Exhibit 10 to the Greene Decl.**: Fal.ai corporate records available on the California Secretary of State Business Search website, located at: https://bizfileonline.sos.ca.gov/search/business.

11. **Exhibit 11 to the Greene Decl.**: Search results for "Hailuo" on the Poe website showing the various MiniMax Hailuo AI models available through API on Poe, located at: https://poe.com/search?q=Hailuo.

12. **Exhibit 12 to the Greene Decl.**: Poe Terms of Service showing that Poe is a Quora, Inc. service, located at: https://poe.com/pages/tos.

13. **Exhibit 13 to the Greene Decl.**: Quora, Inc. corporate records available on the California Secretary of State Business Search website, located at: https://bizfileonline.sos.ca.gov/search/business.

14. **Exhibit 14 to the Greene Decl.**: Higgsfield.ai webpage providing API access to the MiniMax Hailuo text-to-video model, located at: https://higgsfield.ai/ai/video.

15. **Exhibit 15 to the Greene Decl.**: Higgsfield, Inc. corporate records available on the California Secretary of State Business Search website, located at: https://bizfileonline.sos.ca.gov/search/business.

16. **Exhibit 16 to the Greene Decl.**: OpenArt.ai webpage providing API access to the MiniMax Hailuo text-to-video model, located at:

2

https://openart.ai/video/i2v/MiniMax-Hailuo-2.3.

17. **Exhibit 17 to the Greene Decl.**: OpenArt.ai Terms of Service, located at: https://openart.ai/terms.

18. **Exhibit 18 to the Greene Decl.**: January 19, 2026 MiniMax press release titled "MiniMax × OpenAI Dev Night & Hackathon Weekend," located at: https://www.minimax.io/news/minimax-openai-dev-night-hackathon-weekend.

19. **Exhibit 19 to the Greene Decl.**: March 26, 2026 MiniMax press release titled "MiniMax AI Founder Day @ Weekend GTC: Inside the Conversations on What's Next in AI," located at: https://www.minimax.io/news/minimax-ai-founder-day-at-gtc.

20. **Exhibit 20 to the Greene Decl.**: April 15, 2026 MiniMax press release titled "MiniMax at HumanX 2026," located at: https://www.minimax.io/news/minimax-at-humanx-2026.

21. **Exhibit 21 to the Greene Decl.**: April 16, 2026 MiniMax press release titled "MiniMax at Harvard XR 2026: Multimodal AI for the Next Generation of Spatial Computing," located at: https://www.minimax.io/news/minimax-at-harvard-xr-2026.

## II.    ARGUMENT

Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of certain facts that "are not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*. Additionally, on a motion to dismiss under Rule 12(b)(2), a "court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction." *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1042 (N.D. Cal. 2018).

**A.    Exhibits 1-3, 10, 13, 15: Publications from Government Websites.**

Courts regularly take judicial notice of publications from governmental agencies, including "undisputed and publicly available information displayed on government websites." *King v. County of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018); *see also*

3

*Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018) (taking judicial notice of information "publicly available on the Washington government website"); *Perrey v. Televisa S.A. de C.V.*, 2010 WL 11462884, at *6 n.5 (C.D. Cal. Mar. 25, 2010) (taking judicial notice of "documents from the Library of Congress"); *Sears v. County of Monterey*, 2013 WL 4510672, at *4 (N.D. Cal. Aug. 22, 2013) (taking judicial notice of webpages from a government website and finding that their accuracy could not be "reasonably questioned because the pages clearly show that they come from a government website").

Exhibits 1 through 3 consist of printouts of the file wrappers for Defendant Shanghai Xiyu Jizhi Technology Co. Ltd.'s ("SXJT") trademark applications and trademark registration for its MiniMax trademark, all of which were recently downloaded from the publicly available website of the USPTO.  It is well established that "[m]aterials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice." *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 909 (N.D. Cal. 2023); *Oroamerica Inc. v. D & W Jewelry Co., Inc.*, 10 F. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of copyright registration); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1013 (C.D. Cal. 2020) (taking judicial notice of "a record from the USPTO's Trademark Electronic Search System" because they are "indisputably authentic" and "on government websites"); *Caiz v. Roberts*, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019) (taking judicial notice of information downloaded from the USPTO website as they are "a matter of public record"); *Market Quest Group, Inc. v. BIC Corp.*, 316 F.Supp.3d 1234, 1252 (S.D. Cal. 2018) (taking judicial notice of the file wrapper for the registered trademarks).

Exhibits 10, 13, and 15 are judicially noticeable printouts from the California Secretary of State website showing corporate information for three corporations.  *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (taking "judicial notice of filings with the California Secretary of State and County of Sacramento because they are matters of public record

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

whose accuracy is not subject to reasonable dispute."). Accordingly, this Court should take judicial notice of Exhibits 1–3, 10, 13, and 15.

**B.      Exhibits 4-7, 9, and 18-21: Defendants' Website and Public Social Media Profiles.**

Courts may take judicial notice of social media posts and profiles. *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 868-869 (C.D. Cal May 20, 2022) (taking judicial notice of the landing page for plaintiff's twitter account and a public post on the account); *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 2918724, at *4 n.2 ("Courts can take judicial notice of publicly accessible social media posts"). Additionally, Courts may take judicial notice of screenshots from SXJT's MiniMax website. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking notice of "printouts from Defendant's own website."). Exhibits 4-7 are SXJT's public social media profiles pages for its YouTube, Instagram, and X accounts while Exhibits 9 and 18-21 are pages from SXJT's own website. SXJT cannot reasonably dispute screenshots of its own publicly available social media and websites. Therefore, the Court should take judicial notice of Exhibits 4-7, 9, and 18-21.

**C.      Exhibits 8, 11-12, 14, 16-17: Third Party Websites Offering Access to Hailuo AI Models.**

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts "not subject to reasonable dispute" because such facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This includes factual information found on the internet, including third-party websites. *See Agri Star Meat & Poultry*, 2013 WL 12113410, at *2 ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citation omitted); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (taking judicial notice of Amazon web pages as such "documents are the proper subject of judicial notice according to Rule 201(b)").

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Here, Exhibits 8, 11-12, 14, 16-17 are third-party websites for SXJT's API partners through which SXJT provides access to its Hailuo AI models to consumers in the United States.  Again, because all of these websites are publicly available and some of them expressly offer access to SXJT's AI models, SXJT cannot reasonably dispute their accuracy.  The Court should take notice of these exhibits.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court take judicial notice of Exhibits 1-21 to the Declaration of Lauren M. Greene.

Dated:  May 1, 2026                JENNER & BLOCK LLP


By:            */s/ David R. Singer*
                    David R. Singer
                    Julie A. Shepard
                    Lauren M. Greene

                    *Attorneys for Plaintiffs*

6