UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al.<br>Plaintiff(s),<br>v.<br>MINIMAX, et al.<br>Defendant(s). | Case No. 2:25−cv−08768−SB−E<br><br>**CIVIL PRETRIAL AND TRIAL ORDER**<br><br>**[updated 1/6/26]** |

**TABLE OF CONTENTS**

1. Pretrial Conference

2. Trial: Conduct of Attorneys and Parties

**1. PRETRIAL CONFERENCE.**

**a. The Conference**. A final pretrial conference (PTC) date has been set pursuant to Fed. R. Civ. P. 16 and Local Rule 16-8. Each party must be represented at the PTC by its lead counsel. Counsel should be prepared to discuss streamlining the trial, including the following matters:

i. Jury selection procedures;

ii. Witnesses each party intends to call, including (1) the time anticipated for each witness (direct and cross), (2) any witness scheduling issues or special needs (e.g., interpreter); and (3) whether any deposition will be used in lieu of live testimony;[1]

iii. Evidentiary issues, including anticipated objections to exhibits, opening statements, or closing arguments;

iv. Stipulations (which must be reduced to writing and included as an exhibit);

v. Pretrial motions, including motions in limine, motions to bifurcate, and motions to sever;

vi. Jury instructions, including any disputed jury instructions; and

vii. Time limits.

**b. Pretrial Conference Documents**. The PTC documents shall be filed according to the schedule immediately below (unless a specific case management order provides otherwise) and in compliance with the

---

[1] Remote testimony is disfavored because technology limitations almost inevitably interrupt the presentation of the evidence and may affect witness evaluation. When remote testimony is allowed, the Court prefers the parties to conduct a videotaped deposition in lieu of live testimony. The parties are warned that if the Court permits either remote testimony or videotaped deposition testimony, *the parties bear the risk that technological difficulties may foreclose their ability to present the evidence*.

instructions in § 1(c) below. The parties also must file a PTC binder as set forth in § 1(b)(ii) below.

i. Schedule.

At least *four weeks* before the PTC, the parties must file:

- Memorandum of contentions of fact and law;
- Joint [2] witness list;
- Joint exhibit list;
- Joint status report on settlement;
- Requests for judicial notice;
- Proposed findings of fact and conclusions of law (bench trial);[3] and
- Direct testimony declarations, if ordered (bench trial).

At least *two weeks* before the PTC, the parties must file:

- Proposed PTC order;
- Joint proposed jury instructions;
- Joint verdict forms;
- Joint statement of the case;
- Proposed voir dire questions, if any;
- Challenged exhibits table;
- Joint motions in limine;
- Deposition designations *as to which the parties have any*

---

[2] A joint filing (e.g., joint witness list) does not simply mean combining each party's individual filing into a single document. Parties must meet and confer to resolve disputes wherever possible and to avoid duplication or conflicting information in the joint filing. Any remaining disputes must be clearly noted in the joint filing.

[3] Proposed findings and conclusions and witness declarations are required only in bench trials. The parties in a bench trial do not need to submit jury documents (i.e., voir dire questions, statement of the case, jury instructions, and verdict forms).

*dispute or objection*;[4] and

- Evidentiary objections to declarations (court trial).

ii. PTC Binder and Flashdrive. *Two weeks* before the PTC, the parties must deliver to Judge Blumenfeld's mailbox outside the Clerk's Office on the fourth floor of the First Street Courthouse a binder that contains a table of contents and hard copies of the following PTC documents, arranged in this order: (1) memoranda of contentions of fact and law; (2) proposed PTC order; (3) joint witness list; (4) joint exhibit list; (5) challenged exhibits; (6) joint jury instructions; (7) joint verdict forms; (8) joint statement of the case; (9) any voir dire questions; and (10) joint motions in limine. The hard copies should be three-hole punched on the left side, without staples, and separated by labeled dividers. In addition, the parties must provide a USB flashdrive, placed securely in an envelope in the pocket of the binder, containing (1) the PTC documents in Word format and (2) electronic copies of all trial exhibits.

iii. No Further Filings. The parties shall work diligently to provide complete and final PTC documents that reflect a serious attempt to prepare for trial. The parties shall *not* file any amended or supplemental PTC documents or any other trial documents without leave of court.

iv. Local Rule 16. Pursuant to L.R. 16-2, lead counsel for each party are required to meet and confer in person or by videoconference. The Court expects strict compliance with

---

[4] Deposition designations as to which there are no disputes or objections may be provided on or before the first day of trial. Detailed instructions for deposition designations, whether disputed or not, are provided in § 2(f) below.

L.R. 16-2. The PTC documents must comply with L.R. 16, except as modified in § 1(c) below. The format of the proposed PTC order must conform to the format set forth in Appendix A to the Local Rules. Failure to comply may result in the continuance of the PTC and sanctions.

**c. Instructions on PTC Documents.**

i. Memorandum of Contentions of Law and Fact. Each party is limited to 20 pages for its memorandum of contentions of law and fact and should follow the Court's general requirements for formatting motions set forth in the Court's Civil Standing Order. Jointly represented parties must submit a single memorandum.

ii. Joint Witness List. The parties must submit a joint witness list that includes a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated), as follows:

| **Plaintiff** | |
|---|---|
| 1. John Smith | **50 min.** (30 min. direct/20 min. cross) |
| He will testify________________. | |

List the plaintiff's witnesses first followed by the defendant's witnesses. The failure to provide a specific description of the anticipated testimony may result in exclusion of evidence or reduced time allocated for the witness. The parties shall meet to prepare this joint witness list no later than *two weeks* before the first pretrial filing deadline, and continuing as necessary, and shall cooperate in reasonably identifying the time needed for direct examination and cross-examination on each subject. The parties must provide *realistic* estimates that demonstrate a

serious assessment of trial needs. A party that provides "conservative" estimates may be required to submit declarations or detailed offers of proof for each witness to allow for a more realistic assessment.

In addition, the parties are to provide a "clean" version of the joint witness list to be read to the jury panel during voir dire. The clean version should contain only the names of potential witnesses listed in alphabetical order. Include dates of birth for common names.

iii. Joint Exhibit List. The parties shall submit a joint exhibt list that conforms to the requirements of L.R. 16-6.

Whole Exhibits. At trial, each exhibit must be introduced for admission as a whole (because the Court does not admit a portion of an exhibit). For example, if a party seeks to introduce a portion of a business record, the portion to be introduced must be presented as its own exhibit. This applies to all evidence, including photographs. If the parties did not organize their exhibits in that matter, they must meet and confer to address this issue and raise it at the PTC.

Disputes. To the extent that the parties disagree about the admissibility of exhibits, they must meet and confer to determine if each challenged exhibit will be introduced and if the objection can be resolved by discussion of the merits of the objection or a stipulation of fact in lieu of the use of the exhibit. If the parties are unable to resolve the objections, they must separately provide *14 days before the PTC* a joint document entitled "Challenged Exhibits Table." The Court expects counsel to act in good faith to narrow this list to a bare minimum. The challenged exhibits

must be presented in table form below in exhibit number order with the first four columns completed by the parties (identifying the objections and responding parties as noted below):

| **Ex. No.** | **Description** | **Objection** | **Response** | **[Ruling]** |
|---|---|---|---|---|
| | | II: | Δ: | |

iv Joint Jury Instructions.

Agreement. The Court expects counsel to agree on almost all the jury instructions, particularly when pattern or model instructions provide a statement of applicable law.

Model Instructions. When the Manual of Model Jury Instructions for the Ninth Circuit provides an applicable jury instructions, submit the most recent version, modified and supplemented to fit the circumstances of this case. Where California law applies, use the current edition of the Judicial Council of California Civil Jury Instructions (CACI). If neither is applicable, consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions.

Exchange. The parties must exchange their respective proposed jury instructions and special verdict forms 14 *days before* the L.R. 16-2 meeting and must exchange their respective objections to the other's instructions and verdict forms 10 days before that meeting.

Filing. Fourteen days before the PTC, counsel must file a joint set of jury instructions on which there is agreement−making sure to *fill in all blanks or bracketed information* in standard forms. For any disputed instruction, the parties shall submit the following: the proposed instruction; a one-paragraph statement

in support of the instruction with legal citations; a one-paragraph statement in opposition to the instruction with legal citations; and any proposed alternative instruction.

Each requested instruction must: (1) cite the authority or source of the instructions; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested instruction. Counsel may submit alternatives to these instructions *only if* counsel has a reasoned argument that they do not properly state law or are incomplete.

Counsel must provide an index of all instructions submitted, which must include the following: (1) the instruction number; (2) the instruction title; (3) the instruction source (and any relevant case citations); and (4) the instruction page number.

Use a table with the following format:

| **No.** | **Title** | **Source** | **Page No.** |
|---|---|---|---|
| 1 | Trademark-Defined | 9th Cir. 8.5.1 | 1 |

As part of the PTC binder, counsel must provide a hard and electronic copy of: (1) the joint set of instructions and disputed instructions as described above; and (2) a "clean" set of jury instructions, numbered in list format, containing only the text of instructions (without a page break between each instruction).

For the clean set, counsel *must* use the Court's templates posted on the Orders and Additional Documents tab of its webpage and and follow the exact format.

v. Statement of the Case. At the time of the filing the proposed PTC order, counsel should file a jointly prepared one-page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

vi. Voir Dire. The Court will conduct the voir dire. The Court asks basic questions to obtain biographical information and determine whether a prospective juror can be fair given the type of case. Counsel may, but are not required to, file a short list of (*no more than one or two pages)* of proposed case-specific voir dire questions at the time they file the proposed PTC order. Eight jurors will be selected, unless the Court indicates otherwise.

vii. Joint Motions in Limine (JMILs). If the parties file motions in limine (including *Daubert* motions), they must adhere to the JMIL procedures below, including a thorough meet and confer. Failure to cooperate and comply with these procedures may result in summary denial of the JMIL and/or the imposition of sanctions. Each party is limited to *five* motions in limine, absent leave of court. JMILs should identify *specific* evidence to which the opposing party has expressly objected. Motions that generally seek to exclude evidence or argument−e.g., “evidence not produced in discovery,” “opinions not disclosed in an expert report or deposition,” the “reptile theory” or “golden rule” argument−are improper. A party with a general concern must meet and confer with the opposing party to determine if there is *specific* objectionable evidence or argument that will be introduced. Also, JMILs should not be disguised motions for summary adjudication of issues.

- Meet and Confer. Before filing a JMIL, the moving party shall send a letter identifying the evidence to be excluded, the specific terms of the order sought, and the rationale and supporting authority. Counsel shall meet within five calendar days of the letter. If unable to resolve the issue, counsel shall follow the briefing schedule below and file a JMIL consisting of: (1) the moving party's one-sentence statement in bold of the evidence to be excluded and the anticipated prejudice; and (2) each party's contentions set forth below a separate underlined heading for each party (identifying the moving party, the opposing party, and the moving party in reply). The moving party must include a one-page declaration at the end of each JMIL demonstrating that counsel discussed in good faith the specific evidence or argument at issue.
- Briefing Schedule. (1) The moving party's portion of the JMIL is due 25 days before the PTC; (2) the opposing party's portion of the JMIL is due 18 days before the PTC; and (3) the moving party's reply portion is due 14 days before the PTC. All JMILs must be filed and served at least 14 days before the PTC.
- Page Limits. Five pages for the moving portion; five pages for the opposing portion; and three pages for the reply portion.
- *Daubert* Motions. For complicated *Daubert* motions, the parties may request relief from the page limits and/or briefing schedule ahead of the relevant deadlines. The requirements to meet and confer and submit a joint filing

will remain.

- *Rulings*. The Court reserves the right to defer ruling on one or more of the motions until trial and to change its ruling at trial based on the development of the evidence that it did not appreciate or "anticipate at the time of its initial ruling." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). In the event that a party believes in good faith that the evidence at trial warrants reconsideration of a ruling, the party must raise the issue outside the presence of the jury.
- *Advising Witnesses*. Counsel are required to advise affected witnesses to comply with the Court's rulings on JMILs; and counsel may be held responsible if they fail to properly advise them.

**2. TRIAL: CONDUCT OF ATTORNEYS AND PARTIES**

**a. Trial Procedures**. All counsel, parties, witnesses, court staff, and members of the public must adhere to the trial procedures described below.

i. Food, Beverages, Cell Phones. No food or beverage other than water is permitted in the courtroom. No cell phone is permitted in the courtroom unless it is turned off; and it may be confiscated if it interrupts the proceedings.

ii. Timeliness. The parties and their counsel are ordered to be on time. The Court requires strict compliance with this order.

iii. Communication. All remarks at trial shall be addressed to the Court. While court is in session, counsel shall not directly address the CRD, the court reporter, or opposing counsel without the Court's permission; and all requests to place an exhibit before a witness shall be addressed to the Court. Counsel shall avoid having a

conversation with anyone inside or outside the courtroom that may be overheard by a juror or prospective juror and shall admonish their clients and witnesses to comply with this order.

iv. Movement. Counsel shall *rise* when addressing the Court and when the jury enters or leaves the courtroom. Counsel shall *remain at the lectern* when questioning a witness or giving an opening statement or closing argument. Counsel shall not approach the witness or enter the well without the Court's permission and shall return to the lectern when the permitted purpose has been accomplished. Counsel shall *not leave counsel table* to confer with investigators, witnesses, or others while court is in session without the Court's permission.

v. Objection. No "speaking objections" are allowed. Rise and state only the legal grounds of the objection (e.g., "Objection, hearsay"). If the Court invites either clarification of the legal grounds for the objection or a response, do not abuse the invitation by providing factual argument before the jury.

vi. Sidebars. Sidebar conferences are generally not permitted at the request of counsel for evidentiary objections, especially for issues that could have been anticipated. Counsel should anticipate significant issues and schedule a hearing when the jury is not waiting−e.g., before the jurors arrive or after they leave for the day.

vii. Exhibits. No exhibit shall be placed before a witness unless a copy has been provided to the Court and opposing counsel. Nor shall any exhibit be displayed to the jury unless previously admitted or agreed upon by all counsel. Once approved, an

exhibit may be published by electronic projection, not by handing it to the jurors. Each counsel should maintain an exhibit list that notes when an exhibit has been admitted into evidence and shall return any exhibit to the CRD before leaving the courtroom at the end of the trial session.

viii. Stipulations. Counsel should not offer a stipulation without having reached agreement with opposing counsel about its precise terms.

ix. Witnesses. Counsel shall also comply with the rules below.

- *Available Witnesses*. Counsel shall have witnesses available throughout the court day or risk being deemed to have rested.
- *Recess*. After a recess or adjournment, counsel shall ensure that his or her witness returns to the stand before trial resumes.
- *Direction*. Counsel should provide direction to thei witnesses before they are called into the courtroom about where to walk to approach the witness stand.
- *One Lawyer*. For each witness, a party may only have one lawyer who examines, and handles objections for, the witness.
- *Full Names*. During trial, counsel shall not refer to any witness 18 years of age or older−including a client−by first name.
- *Accommodation*. The parties should cooperate in responding to reasonable, legitimate requests to call a witness out of sequence. Any accommodation dispute should be raised at the PTC (if possible).

- *Special Needs*. Counsel must notify the CRD in advance if a witness requires an interpreter or an accommodation under the Americans with Disabilities Act (or for any other reason).
- *Professionalism*. Counsel shall not express agreement or disagreement with witness testimony by comment, facial expression, or otherwise and shall admonish clients, family, and friends to comply with this order.
- *Pleasantries*. Counsel should avoid the exchange of pleasantries with witnesses on the stand.

x. Courtroom Technology. Any party intending to use courtroom technology during trial must review the information on Courtroom Technology on the Central District's website (www.cacd.uscourts.gov/clerk−services/courtroom−technology) and must become familiar with all necessary equipment before trial. The Court will not delay the trial for technology issues that could have been avoided through reasonable planning; and the parties, in any event, should have a back-up plan. Any party intending to use equipment that is not regularly in the courtroom must notify the CRD at least one week before trial and obtain approval.

xi. Court Reporting Services. Any party requesting special court reporting services shall notify the reporter as least two weeks before the service date. Please review the Central District's webpage on Court Reporting Services (www.cacd.uscourts.gov/court−reporting−services) for relevant information.

**b. Trial Exhibits.**

i. Stipulations. All counsel are to meet no later than ten days before trial and stipulate, so far as possible, to foundation, waiver of the best evidence rule, and those exhibits that may be received into evidence at the start of the trial. The exhibits to be so received should be noted on the Court's copy of the exhibit list.

ii. Numbering. Each multi-page exhibit must be numbered for easy reference. In addition, a party is generally expected to include in the exhibit only those portions of the document that will be moved into evidence.

iii. Binders. Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side. Counsel must submit to the Court an original and copy of the binders, as described below. The spine portion of the binder must indicate the volume number, and each volume must contain an index of each exhibit included therein.

iv. Delivery. The Court requires that the following be submitted to the CRD on the first day of trial:

- One binder (or set of binders) of original exhibits with the Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.
    - All exhibits (except those to be used for impeachment only) should have official exhibit tags attached and bear the same number shown on the exhibit list. Digital exhibit tags are available on the Court's website (Form G-14A plaintiff, Form G-14B

defendant) and may be used in place of the tags obtained from the Clerk's office. The defense exhibit numbers must not duplicate plaintiff's numbers.

- If counsel intends to use an enlargement of an existing exhibit, it must be designated with the number of the original exhibit followed by an "A."

- One binder (or set of binders) with a copy of each exhibit tabbed with numbers as described above for use by the Court. (Exhibit tags are not necessary on these copies.)
- Three copies of the party's witness list in the order in which the witnesses may be called to testify.
- Three copies of the joint exhibit list in the form specified in L.R. 16-6 (Civil).

v. Display. Where a significant number of exhibits will be admitted, the Court encourages counsel to consider how to intelligibly present testimony about exhibits by use of technology or otherwise (e.g., enlargements of important exhibits). The Court has equipment available for use during trial. Details are posted on the Court's website. To make reservations for training, call the Courtroom Technology Help Desk at 213-894-3061. Counsel is responsbile for learning the use of the technology before trial. Trial will not be interrupted for this purpose. The Court does not permit exhibits to be passed up and down the jury box. Admitted exhibits (or exhibits to which opposing counsel has expressed "no objection") may be "published" by briefly displaying them on the screens in the courtroom.

vi. Exhibit List (Jury). A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Counsel must review and approve the exhibit list with the CRD before the list is given to the jury.

vii. Electronic Exhibits. At the conclusion of trial, the parties shall provide the Court with electronic copies of any trial exhibits that were admitted or offered and not previously provided to the Court in the pretrial submissions.

c. **Depositions**. A party intending to use a deposition for impeachment or in lieu of live testimony must (1) file the deposition designations together with objections 14 days before the PTC if there are any objections or disputes requiring a ruling by the Court or (2) lodge the original deposition transcript with the CRD on or before the first day of trial if there are no disputes. The untimely filing of the original deposition transcript may result in exclusion. In addition, each party intending to present evidence by way of deposition testimony shall comply with the following instructions:

i. Identify on the original transcript the testimony the party intends to offer by bracketing the questions and answers in the margins. The opposing party shall likewise counter-designate any testimony it plans to offer.

ii. Identify any objections to the proffered evidence in the margins of the deposition transcript by briefly providing the ground for the objection and the response to the objection.

iii. For all depositions offered in the case, the parties shall consistently use different colored ink−black for plaintiff and blue for defendant−for designations, counter-designations, objections, and responses to objections.

iv. Provide an index for each deposition, placed behind the first page, identifying each page that contains a designation or counter-designation.

v. Provide to the CRD an electronic copy of the above materials, including all designations, counter-designations, and objections.

The CRD will serve a copy of this order personally or by mail on counsel for all parties to this action.

Date: May 6, 2026

Stanley Blumenfeld, Jr.
United States District Judge