QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
  Daniel C. Posner (Bar No. 232009)
    danposner@quinnemanuel.com
  Aaron Perahia (Bar No. 304554)
    aaronperahia@quinnemanuel.com
  Moon Hee Lee (Bar No. 318020)
    moonheelee@quinnemanuel.com
  Bradley Kahn (Bar No. 364637)
    bradleykahn@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant and Counterclaimant Nanonoble Pte. Ltd. and Defendant Shanghai Xiyu Jizhi Technology Co. Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; MARVEL CHARACTERS, INC., a Delaware corporation; MVL FILM FINANCE LLC, a Delaware limited liability company; LUCASFILM LTD. LLC, a California limited liability company; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; DC COMICS, a New York general partnership; THE CARTOON NETWORK, INC., a Delaware corporation; TURNER ENTERTAINMENT CO., a Delaware corporation; HANNA-BARBERA | Case No. 2:25-cv-08768-SB-E

**DEFENDANTS NANONOBLE PTE. LTD. AND SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD.'S ANSWER AND AFFIRMATIVE DEFENSES; COUNTERCLAIMANT NANONOBLE PTE. LTD.'S COUNTERCLAIMS FOR CONTRACTUAL INDEMNIFICATION, BREACH OF CONTRACT, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

Complaint Filed:   September 16, 2025
Trial Date:            July 12, 2027 |

Case No. 2:25-cv-08768-SB-E

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

PRODUCTIONS, INC., a Delaware corporation; and DREAMWORKS ANIMATION L.L.C., a Delaware limited liability company,

Plaintiffs,

vs.

SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD., a Chinese limited company; and NANONOBLE PTE. LTD., a Singaporean private limited company,

Defendants.

NANONOBLE PTE. LTD., a Singaporean private limited company,

Counterclaimant,

vs.

DISNEY ENTERPRISES, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; MARVEL CHARACTERS, INC., a Delaware corporation; MVL FILM FINANCE LLC, a Delaware limited liability company; LUCASFILM LTD. LLC, a California limited liability company; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; DC COMICS, a New York general partnership; THE CARTOON NETWORK, INC., a Delaware corporation; TURNER ENTERTAINMENT CO., a Delaware corporation; HANNA-BARBERA PRODUCTIONS, INC., a Delaware corporation; and DREAMWORKS

2    Case No. 2:25-cv-08768-SB-E

ANIMATION L.L.C., a Delaware limited liability company,

Counterclaim-Defendants.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Nanonoble Pte. Ltd. ("**Nanonoble**") and Shanghai Xiyu Jizhi Technology Co. Ltd. ("**SXJT**") (together, "**Defendants**") answer the Complaint of Plaintiffs Disney Enterprises, Inc., Universal City Studios Productions LLLP, Warner Bros. Entertainment Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., Hanna-Barbera Productions, Inc., and DreamWorks Animation L.L.C. (collectively, the "**Studios**" or "**Plaintiffs**").

The Complaint improperly defines "MiniMax" to refer collectively to three distinct legal entities—one of which, the "MiniMax" defendant, has been dismissed from this action—and Defendants deny the propriety of that collective definition. Defendants deny any allegation attributing undifferentiated conduct to "MiniMax" as to each Defendant, except as expressly admitted. SXJT further answers subject to, and without waiver of, its defense of lack of personal jurisdiction.

The headings and subheadings in the Complaint are not allegations of fact and require no response, and Defendants have not reproduced them. To the extent a response is required, Defendants deny the allegations those headings and subheadings contain. Except as expressly admitted herein, Defendants deny each and every allegation in the Complaint. Responding to the specifically numbered paragraphs of the Complaint, and using the corresponding paragraph numbers, Defendants state as follows:

### Introduction

1.     Defendants admit that Nanonoble makes the Hailuo AI tool available as an artificial-intelligence image- and video-generation service. Defendants deny the remaining allegations and characterizations in Paragraph 1.

2.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis deny them.

3.     Defendants deny the allegations and characterizations in Paragraph 3.

4.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.

5.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny them.

6.        Paragraph 6 states legal conclusions concerning alleged copying, public display, public performance, distribution, derivative works, authorization, and infringement that require no response.  To the extent a response is required, Defendants admit that users can generate image and video outputs in response to text prompts using the Hailuo AI tool and may download certain outputs.  To the extent Paragraph 6 purports to characterize the image displayed in Paragraph 6, the image speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to who submitted any prompt used to generate the image displayed in Paragraph 6, what prompt or prompts were submitted, how the Studios obtained the image, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 6, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 6.

7.        Defendants admit that users can generate image and video outputs in response to text prompts using the Hailuo AI tool and may download certain outputs.  To the extent Paragraph 7 purports to characterize the image displayed in Paragraph 7, the image speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to who submitted any prompt used to generate the image displayed in Paragraph 7, what prompt or prompts were submitted, how the Studios obtained the image, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 7, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 7.

8.      Defendants admit that users can generate image and video outputs in response to text prompts using the Hailuo AI tool and may download certain outputs.  To the extent Paragraph 8 purports to characterize the image displayed in Paragraph 8, the image speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to who submitted any prompt used to generate the image displayed in Paragraph 8, what prompt or prompts were submitted, how the Studios obtained the image, or as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 8, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 8.

9.      To the extent Paragraph 9 purports to characterize or screenshot an Instagram post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 9, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 9.

10.     To the extent Paragraph 10 purports to characterize or screenshot an Instagram post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 10, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 10.

11.     Defendants admit that the WeChat post depicted in Paragraph 11 previously appeared on an official WeChat account associated with the Hailuo AI tool.  To the extent Paragraph 11 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

in the character referenced in Paragraph 11, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 11.

12.    Defendants admit that Nanonoble's Hailuo AI tool includes certain content-moderation measures, including measures that may block prompts seeking to generate violent or sexually explicit content. Defendants lack knowledge or information sufficient to form a belief as to the content-moderation practices of other, unidentified AI services, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 12.

13.    Defendants admit that the Studios' counsel sent a letter dated August 27, 2025. To the extent Paragraph 13 purports to characterize that letter, the letter speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the alleged "$4 billion" valuation and subscriber figures as to "MiniMax," and on that basis deny them. Defendants deny the remaining allegations and characterizations in Paragraph 13.

14.    Defendants deny the allegations and characterizations in Paragraph 14.

## The Parties

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny them.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny them.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny them.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis deny them.

21.     Defendants admit that Exhibit A to the Complaint is a document purporting to list copyright registrations. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted exclusive rights, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny them.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27.     Defendants admit that Exhibit B to the Complaint is a document purporting to list copyright registrations. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted exclusive rights, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30.     Defendants admit that Exhibit C to the Complaint is a document purporting to list copyright registrations. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works

or asserted exclusive rights, and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 30.

31.    Paragraph 31 sets forth a definitional statement that requires no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny them.

32.    The defendant named in the Complaint as "MiniMax" has been dismissed from this action.  Defendants do not respond to allegations directed solely at that dismissed party.  To the extent a response is required, Defendants state that the webpage referenced in Paragraph 32 and attached as Exhibit D to the Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the unidentified public reports referenced in Paragraph 32, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 32.

33.    Defendants admit that SXJT is a limited liability company headquartered in Shanghai, China, and that it filed the U.S. trademark application for the mark "MiniMax" attached as Exhibit E to the Complaint.  To the extent Paragraph 33 purports to characterize that application, the application speaks for itself.  Defendants deny the remaining allegations and characterizations in Paragraph 33.

34.    Defendants admit that Nanonoble is a Singaporean private limited company headquartered in Singapore; that, as of the time alleged, Nanonoble was identified as the "Developer" of the Hailuo AI app on the Apple App Store; that Nanonoble receives payments for subscriptions to the Hailuo AI tool purchased through the website; and that Nanonoble filed the U.S. trademark application for the mark "Hailuo" attached as Exhibit F to the Complaint.  To the extent Paragraph 34 purports to characterize that application, the application speaks for itself.  Defendants deny the remaining allegations and characterizations in Paragraph 34.

**Jurisdiction and Venue**

35.     Paragraph 35 states a legal conclusion that requires no response.  To the extent a response is required, Defendants do not contest subject-matter jurisdiction for purposes of this action, and deny the remaining allegations in Paragraph 35.

36.     Paragraph 36 and its subparagraphs state legal conclusions concerning personal jurisdiction, purposeful direction, and purposeful availment that require no response.  To the extent a response is required, the defendant named in the Complaint as "MiniMax" has been dismissed from this action.  Defendants do not respond to allegations directed solely at that dismissed party.  SXJT denies that this Court has personal jurisdiction over SXJT, denies that it purposefully directed suit-related activity at or purposefully availed itself of the United States, California, or this District in a manner sufficient to support personal jurisdiction, and expressly preserves and does not waive its defense of lack of personal jurisdiction.  Solely for purposes of this action, Nanonoble does not contest personal jurisdiction in this District.  Defendants otherwise deny the allegations in Paragraph 36.  Defendants respond to the subparagraphs as follows:

(a)     Defendants deny the allegations to the extent they concern SXJT.  Defendants admit that Nanonoble has made the Hailuo AI app available in the United States through the Apple App Store and Google Play Store.  Defendants deny that such availability constitutes consent to personal jurisdiction in California or to application of any particular law.  Defendants deny the remaining allegations and characterizations in Paragraph 36(a).

(b)     Defendants deny the allegations to the extent they concern SXJT.  Defendants admit that Nanonoble has offered paid subscriptions and in-app purchases to customers in the United States and that certain prices have been displayed in U.S. dollars.  Defendants deny the remaining allegations and characterizations in Paragraph 36(b).

(c)    Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble has made the Hailuo AI tool accessible to users in the United States through the English-language website hailuoai.video, and that the domain has been registered using the services of GoDaddy.com, LLC and Domains By Proxy, LLC.  Defendants lack knowledge or information sufficient to form a belief as to where GoDaddy.com, LLC or Domains By Proxy, LLC is registered to do business or maintains offices, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 36(c).

(d)    Defendants deny the allegations to the extent they concern SXJT. To the extent Paragraph 36(d) purports to characterize or excerpt the Terms of Service for the Hailuo AI tool, those terms speak for themselves.  Defendants deny the remaining allegations and characterizations in Paragraph 36(d).

(e)    Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble uses Cloudflare content-delivery-network services for the website for the Hailuo AI tool.  Defendants lack knowledge or information sufficient to form a belief as to where Cloudflare, Inc. is incorporated or headquartered, or whether particular files requested or viewed by users or visitors were cached on servers in any particular location, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 36(e).

(f)    Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble has allowed users to sign up for the website for the Hailuo AI tool using an existing Google or Apple account, that Nanonoble has allowed customers in the United States to pay in U.S. dollars for subscriptions or credits, and that Nanonoble has used Stripe, Inc. as a payment processor for purchases by customers in the United States. Defendants lack knowledge or information sufficient to form a belief as to

where Stripe, Inc. is incorporated or headquartered, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 36(f).

(g)    Defendants admit that Nanonoble filed the U.S. trademark application for the mark "Hailuo" and SXJT filed the U.S. trademark application for the mark "MiniMax" as alleged in the Complaint.  To the extent Paragraph 36(g) purports to characterize or excerpt those trademark applications, the applications speak for themselves.  Defendants deny the remaining allegations and characterizations in Paragraph 36(g).

(h)    Defendants deny the allegations to the extent they concern SXJT. To the extent Paragraph 36(h) purports to characterize or excerpt the Terms of Service for the Hailuo AI tool, those terms speak for themselves.  Defendants deny the remaining allegations and characterizations in Paragraph 36(h).

(i)    Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble has social-media accounts associated with the Hailuo AI tool.  Defendants deny the remaining allegations and characterizations in Paragraph 36(i).

(j)    Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble co-hosted a generative AI meetup in March 2025.  Defendants lack knowledge or information sufficient to form a belief as to where fal.ai is based, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 36(j).

(k)    Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble has previously used the phrase quoted in Paragraph 36(k).  Defendants deny the remaining allegations and characterizations in Paragraph 36(k).

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

(l)    Paragraph 36(l) states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 36(l).

(m)    Defendants deny the allegations and characterizations in Paragraph 36(m).

37.    Paragraph 37 states legal conclusions that require no response. To the extent a response is required, solely for purposes of this action, Defendants do not contest venue in this District, subject to SXJT's objection to personal jurisdiction over it. Defendants deny the remaining allegations in Paragraph 37.

<strong><u>Factual Background</u></strong>

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny them.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis deny them.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis deny them.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis deny them.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis deny them.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis deny them.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis deny them.

45.    Paragraph 45 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis deny them.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis deny them.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis deny them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis deny them.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis deny them.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny them.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

54. Paragraph 54 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis deny them.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis deny them.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis deny them.

58. Paragraph 58 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

to form a belief as to the truth of the allegations in Paragraph 58, and on that basis deny them.

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis deny them.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis deny them.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis deny them.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis deny them.

63.    Paragraph 63 states legal conclusions that require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on that basis deny them.

64.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis deny them.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis deny them.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis deny them.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny them.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny them.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny them.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis deny them.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis deny them.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis deny them.

73. Paragraph 73 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny them.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis deny them.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny them.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis deny them.

77. Paragraph 77 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and on that basis deny them.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and on that basis deny them.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny them.

80. Paragraph 80 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis deny them.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis deny them.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis deny them.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis deny them.

84. Paragraph 84 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis deny them.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis deny them.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis deny them.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis deny them.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis deny them.

89. Paragraph 89 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis deny them.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis deny them.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis deny them.

92. Paragraph 92 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and on that basis deny them.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis deny them.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and on that basis deny them.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis deny them.

96.     Paragraph 96 states legal conclusions that require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis deny them.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis deny them.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis deny them.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis deny them.

100.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis deny them.

101.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis deny them.

102.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis deny them.

103.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis deny them.

104.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and on that basis deny them.

105.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis deny them.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis deny them.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis deny them.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis deny them.

109. Paragraph 109 states legal conclusions that require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis deny them.

110. The defendant named in the Complaint as "MiniMax" has been dismissed from this action. Defendants do not respond to allegations directed solely at that dismissed party. To the extent a response is required, Defendants admit that Nanonoble has made the Hailuo AI tool available as an online generative AI service. Defendants lack knowledge or information sufficient to form a belief as to the Studios' knowledge, the public reports referenced in Paragraph 110 and footnotes 2 and 3 to the Complaint, or the truth of the remaining allegations and characterizations in Paragraph 110, and on that basis deny those allegations.

111. Defendants admit that Nanonoble has offered subscription plans for the Hailuo AI tool through the website hailuoai.video. To the extent Paragraph 111 purports to characterize or screenshot the subscription page for the Hailuo AI tool, the subscription page speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 111.

112. Defendants admit that, as of the time alleged, Nanonoble offered paid subscription plans for the Hailuo AI tool with prices displayed in U.S. dollars. To the extent Paragraph 112 purports to characterize the pricing or discounts displayed on the subscription page for the Hailuo AI tool, the subscription page speaks for

itself.  Defendants deny the remaining allegations and characterizations in Paragraph 112.

113.   Defendants admit that Nanonoble has offered a free subscription tier for the Hailuo AI tool that requires registration and provides a limited number of credits, that image and video generation uses credits, that certain outputs generated using the Hailuo AI tool may include a watermark, and that certain paid subscribers may have the option to remove watermarks.  To the extent Paragraph 113 purports to characterize the subscription page, credit usage, watermark options, or the "Max" plan for the Hailuo AI tool, the subscription page speaks for itself.  Defendants deny the remaining allegations and characterizations in Paragraph 113.

114.   Defendants admit that Nanonoble has offered paid subscription plans for the Hailuo AI tool that provide additional credits, the ability to process multiple generations concurrently, and the option to remove watermarks from certain outputs.  Defendants deny the remaining allegations and characterizations in Paragraph 114.

115.   Defendants admit that the website for the Hailuo AI tool includes an "Explore" page and that the Explore page may display images and videos associated with user activity on the Hailuo AI tool.  Paragraph 115 states legal conclusions concerning public display and public performance that require no response.  To the extent a further response is required, Defendants deny the remaining allegations and characterizations in Paragraph 115.

116.   Paragraph 116 states legal conclusions concerning alleged copying, storage, public display, public performance, distribution, derivative works, and infringement that require no response.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 116.

117.   Paragraph 117 states legal conclusions and argument concerning alleged infringement that require no response.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 117.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

118.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 118, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 118.

119.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 119, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 119.

120.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 120, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 120.

121.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 121, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 121.

122.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 122, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 122.

123.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 123, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 123.

124.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 124, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 124.

125. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 125, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 126, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 126.

127. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 127, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 127.

128. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 128, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 128.

129. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 129, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 130, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 130.

131. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 131, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 131.

132.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 132, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 132.

133.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 133, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 133.

134.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 134, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 134.

135.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 135, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 135.

136.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 136, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 136.

137.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 137, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 137.

138.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 138, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 138.

139.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 139, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 139.

140.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 140, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 140.

141.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 141, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 141.

142.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 142, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 142.

143.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 143, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 143.

144.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 144, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 144.

145.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 145, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 146, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 146.

147. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 147, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 147.

148. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 148, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 148.

149. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 149, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 150, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 151, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 151.

152. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 152, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 152.

153.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 153, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 153.

154.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 154, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 154.

155.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 155, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 155.

156.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 156, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 156.

157.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 157, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 157.

158.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 158, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 158.

159.   Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the characters referenced in Paragraph 159, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 159.

160.    Paragraph 160 states legal conclusions concerning copying and infringement that require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 160.

161.    Paragraph 161 states legal conclusions concerning alleged copying, fixation, and infringement that require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 161.

162.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' beliefs about Defendants' conduct, and on that basis deny those allegations.  Defendants respond to the subparagraphs as follows:

(a)    Defendants admit that SXJT acquired content from public sources and data providers to train certain models associated with the Hailuo AI tool.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works allegedly included in the acquired materials, or as to the Studios' characterizations of the tools or methods that the Studios describe as to those works, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 162(a).

(b)    Defendants admit that SXJT processed certain data for use in training certain models associated with the Hailuo AI tool.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' characterizations of data processing or the Studios' purported ownership of particular works allegedly included in that data, and on that basis deny those

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 162(b).

(c)    Defendants admit that SXJT used certain data to train certain models associated with the Hailuo AI tool, and that certain specifics of this process have not been publicly disclosed.  To the extent Paragraph 162(c) purports to characterize the terms of use for the Hailuo AI tool, those terms speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works allegedly included in or associated with that data, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 162(c).

163.    Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 states legal conclusions concerning alleged infringement that require no response.  To the extent a response is required, Defendants deny infringing any copyright purportedly owned or controlled by the Studios.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations and argument in Paragraph 164, and on that basis deny them.

165.    Defendants deny the allegations and characterizations in Paragraph 165.

166.    Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 166, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 166.

167.    Defendants admit that the website for the Hailuo AI tool includes an Explore page and that certain official social-media accounts associated with the Hailuo AI tool exist.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights

in characters as alleged in Paragraph 167, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 167.

168. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted exclusive rights referenced in Paragraph 168, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 168.

169. Defendants admit that Nanonoble maintains an official YouTube account and that videos have been uploaded to that account. To the extent Paragraph 169 purports to characterize or excerpt the video linked in footnote 5 to the Complaint, that video speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 169, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 169.

170. Defendants admit that the Instagram post linked in footnote 6 to the Complaint previously appeared on Instagram account @neovisionary5. To the extent Paragraph 170 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 170, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 170.

171. To the extent Paragraph 171 purports to characterize or screenshot the Instagram post linked in footnote 6 to the Complaint, that post speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 171.

172. To the extent Paragraph 172 purports to characterize or screenshot the Instagram post linked in footnote 6 to the Complaint, that post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

referenced in Paragraph 172, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 172.

173. To the extent Paragraph 173 purports to characterize or screenshot the Instagram post linked in footnote 6 to the Complaint, that post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 173, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 173.

174. Defendants admit that WeChat is available in app stores in the United States. Defendants admit that the WeChat post referenced in Paragraph 174 previously appeared on an official WeChat account associated with the Hailuo AI tool. To the extent Paragraph 174 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether the referenced post was accessed in this District, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 174, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 174.

175. Defendants admit that the TikTok post linked in footnote 7 to the Complaint previously appeared on TikTok account @hailuoai_official and that @hailuoai_official is an official TikTok account. To the extent Paragraph 175 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, as to the alleged view or like counts, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 175, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 175.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

176.    Defendants admit that the Instagram post linked in footnote 8 to the Complaint previously appeared on Instagram account @neovisionary5.  To the extent Paragraph 176 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 176, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 176.

177.    Defendants admit that the Instagram post linked in footnote 9 to the Complaint previously appeared on Instagram account @fata_morgana_ai.  To the extent Paragraph 177 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 177, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 177.

178.    Defendants admit that the Instagram post linked in footnote 10 to the Complaint previously appeared on Instagram account @k.real_petrov.  To the extent Paragraph 178 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 178, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 178.

179.    Defendants admit that the Instagram post linked in footnote 11 to the Complaint previously appeared on Instagram account @insertitle99.  To the extent Paragraph 179 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, as to the alleged number of likes, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 179, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 179.

180.    Defendants admit that the Instagram post linked in footnote 12 to the Complaint previously appeared on Instagram account @chillgrid.  To the extent Paragraph 180 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, as to the alleged number of likes, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 180, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 180.

181.    Defendants admit that the Instagram post linked in footnote 13 to the Complaint previously appeared on Instagram account @maitane140_aiart.  To the extent Paragraph 181 purports to characterize or screenshot that post, the post speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 181, and on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 181.

182. Defendants admit that the Instagram post linked in footnote 14 to the Complaint previously appeared on Instagram account @i3ladimir.neiro. To the extent Paragraph 182 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, as to the alleged number of likes, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 182, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 182.

183. Defendants admit that the Instagram post linked in footnote 15 to the Complaint previously appeared on Instagram account @max.sh_lab. To the extent Paragraph 183 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 183, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 183.

184. Defendants admit that the Instagram post linked in footnote 16 to the Complaint previously appeared on Instagram account @i3ladimir.neiro. To the extent Paragraph 184 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, as to the alleged number of likes, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 184, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 184.

185. Defendants admit that the Instagram post linked in footnote 17 to the Complaint previously appeared on Instagram account @aimationlab8. To the extent Paragraph 185 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 185, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 185.

186. Defendants admit that the Instagram post linked in footnote 18 to the Complaint previously appeared on Instagram account @neovisionary5. To the extent Paragraph 186 purports to characterize that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 186, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 186.

187. Defendants admit that the Instagram post linked in footnote 19 to the Complaint previously appeared on Instagram account @aimationlab8. To the extent Paragraph 187 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 187, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 187.

188. Defendants deny the allegations and characterizations in Paragraph 188.

189. Defendants admit that the website for the Hailuo AI tool includes an "Explore" page. Defendants lack knowledge or information sufficient to form a belief as to whether the images depicted in Paragraph 189 are true and correct

screenshots of the website for the Hailuo AI tool, and on that basis deny those allegations. To the extent Paragraph 189 purports to characterize or screenshot the Explore page, the Explore page speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 189, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 189.

190. Defendants deny the allegations and characterizations in Paragraph 190.

191. Defendants deny the allegations and characterizations in Paragraph 191.

192. Defendants admit that certain outputs generated using the Hailuo AI tool may bear watermarks associated with the Hailuo AI or MiniMax brands, and that certain paid users may have the option to remove watermarks. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works allegedly reflected in such content, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 192.

193. Defendants admit that the Explore page for the Hailuo AI tool may display prompts associated with certain content displayed on that page. Defendants lack knowledge or information sufficient to form a belief as to the Studios' purported ownership of particular works referenced in Paragraph 193, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 193.

194. Defendants admit that the Reddit post linked in footnote 20 to the Complaint appeared on the Reddit account identified in that footnote. To the extent Paragraph 194 purports to characterize or screenshot that Reddit post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

belief as to the truth of the allegations concerning the Reddit user or post identified in footnote 20 to the Complaint, as to other Reddit threads and online posts, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 194, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 194.

195. Defendants admit that the TikTok post linked in footnote 21 to the Complaint appeared on the TikTok account identified in that footnote. To the extent Paragraph 195 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether the poster was a Hailuo AI subscriber, whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, as to the alleged number of likes, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 195, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 195.

196. Defendants admit that the Instagram post linked in footnote 22 to the Complaint previously appeared on Instagram account @aimationlab8. To the extent Paragraph 196 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether the poster was a Hailuo AI subscriber, whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 196, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 196.

197. Defendants admit that the YouTube post linked in footnote 23 to the Complaint appeared on the YouTube account identified in that footnote. To the extent Paragraph 197 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a

belief as to the alleged number of YouTube subscribers, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 197, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 197.

198.   Defendants admit that the TikTok post linked in footnote 24 to the Complaint previously appeared on the TikTok account identified in that footnote. To the extent Paragraph 198 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether the poster was a Hailuo AI subscriber, whether a user generated the content depicted in the post using the Hailuo AI tool or any model associated with it, or as to the Studios' purported ownership of particular works or asserted rights in characters referenced in Paragraph 198, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 198.

199.   Defendants admit that the TikTok post linked in footnote 25 to the Complaint previously appeared on the TikTok account identified in that footnote. To the extent Paragraph 199 purports to characterize or screenshot that post, the post speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether the poster was a Hailuo AI subscriber, or as to the Studios' purported ownership of particular works or asserted rights in the character referenced in Paragraph 199, and on that basis deny those allegations. Defendants deny the remaining allegations and characterizations in Paragraph 199.

200.   Defendants deny the allegations and characterizations in Paragraph 200.

201.   Paragraph 201 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.   Defendants lack knowledge or information sufficient to form a belief as to the practices of other, unidentified AI services referenced in Paragraph 202, and

on that basis deny those allegations.  Defendants deny the remaining allegations and characterizations in Paragraph 202.

203.   Defendants deny the allegations in Paragraph 203.

204.   Defendants admit that Nanonoble's Hailuo AI tool includes content-moderation measures that may block prompts seeking to generate violent or sexually explicit content and that the Hailuo AI tool may return a message stating that a generation failed because content violated community guidelines.  Defendants deny the remaining allegations in Paragraph 204.

205.   To the extent Paragraph 205 purports to quote from or characterize the Terms of Service for the Hailuo AI tool, those terms speak for themselves.  Defendants deny the remaining allegations and characterizations in Paragraph 205.

206.   Defendants deny the allegations to the extent they concern SXJT.  Defendants admit that Nanonoble's Hailuo AI tool includes a Prompt Optimizer feature.  Defendants deny the remaining allegations and characterizations in Paragraph 206.

207.   Paragraph 207 states legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 207.

208.   Defendants admit that the Studios' counsel sent a letter dated August 27, 2025, attached as Exhibit G to the Complaint.  To the extent Paragraph 208 purports to characterize the letter attached as Exhibit G to the Complaint, that letter speaks for itself.  Defendants deny the remaining allegations and characterizations in Paragraph 208.

209.   Defendants deny that they failed to respond to the Studios' counsel's letter.  Defendants state that they responded to the Studios' counsel in writing on September 12, 2025, requesting a brief extension to evaluate the issues raised in the letter, and the Studios filed this action without responding to Defendants.  Defendants deny the remaining allegations and characterizations in Paragraph 209.

210.  Defendants deny the allegations in Paragraph 210.

211.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' licensing and exploitation practices, and on that basis deny the allegations regarding those practices.  Defendants deny the remaining allegations and characterizations in Paragraph 211.

212.  Defendants lack knowledge or information sufficient to form a belief as to the Studios' licensing arrangements with third parties, and on that basis deny the allegations regarding those arrangements.  Defendants deny the remaining allegations and characterizations in Paragraph 212.

213.  Defendants admit that the length of certain video outputs generated using the Hailuo AI tool has increased from six to ten seconds.  Defendants deny the remaining allegations, characterizations, and speculation in Paragraph 213.

214.  Defendants admit that certain outputs generated using the Hailuo AI tool may bear a watermark.  Defendants deny the remaining allegations and characterizations in Paragraph 214.

215.  Paragraph 215 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 215.

## First Claim for Relief

## (Direct Copyright Infringement)

216.  Defendants incorporate their responses to the preceding paragraphs as though fully set forth here.

217.  Paragraph 217 states legal conclusions that require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and on that basis deny them.

218.  Paragraph 218 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219.   Paragraph 219 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 219.

220.   Paragraph 220 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.   Defendants deny the allegations and characterizations in Paragraph 221.

222.   Defendants deny the allegations and characterizations in Paragraph 222.

223.   Paragraph 223 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 223.

224.   Paragraph 224 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 224.

225.   Paragraph 225 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 225.

226.   Paragraph 226 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 226.

**Second Claim for Relief**

**(Secondary Copyright Infringement)**

227.   Defendants incorporate their responses to the preceding paragraphs as though fully set forth here.

228.   Paragraph 228 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 228.

229.   Paragraph 229 states legal conclusions that require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and on that basis deny them.

230. Paragraph 230 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 230.

231. Paragraph 231 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 231.

232. Paragraph 232 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 232.

233. Paragraph 233 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 233.

234. Paragraph 234 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 234.

235. Paragraph 235 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 235.

236. Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble's Hailuo AI tool includes content-moderation measures that may block violent or sexually explicit user prompts. To the extent Paragraph 236 purports to characterize practices of unspecified third-party services, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them. Defendants deny the remaining allegations and characterizations in Paragraph 236.

237. Defendants deny the allegations in Paragraph 237.

238. Defendants deny the allegations to the extent they concern SXJT. Defendants admit that Nanonoble has offered free and paid subscription tiers for the Hailuo AI tool and that paid tiers may include additional functionality. Defendants deny the remaining allegations and characterizations in Paragraph 238.

239. Paragraph 239 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 239.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

240.   Defendants admit that the Studios' counsel sent a letter dated August 27, 2025, which is attached as Exhibit G to the Complaint.  To the extent Paragraph 240 purports to characterize that letter, the letter speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 240.

241.   Paragraph 241 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 241.

242.   Paragraph 242 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 242.

243.   Paragraph 243 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 243.

244.   Paragraph 244 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 244.

245.   Defendants deny the allegations in Paragraph 245.

246.   Defendants deny the allegations in Paragraph 246.

247.   Paragraph 247 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 247.

248.   Paragraph 248 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 248.

249.   Paragraph 249 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 249.

250.   Paragraph 250 states legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 250.

### **Response to Prayer for Relief**

Defendants deny that the Studios are entitled to any relief requested in the Prayer for Relief, including the relief requested in Paragraphs 1 through 6, or to any relief whatsoever.  Defendants request that the Court award them their attorneys' fees and costs of suit, to the extent allowed by law.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that properly rests with the Studios, and without conceding that any matter below is an affirmative defense on which Defendants bear the burden of proof, Defendants assert the following defenses:

### First Affirmative Defense

### (Lack of Personal Jurisdiction)

The Studios' claims against SXJT fail, in whole or in part, for lack of personal jurisdiction.  SXJT lacks the minimum contacts with the United States required under Rule 4(k)(2).

### Second Affirmative Defense

### (Fair Use)

The Studios' claims fail, in whole or in part, to the extent that any alleged copying or other alleged infringement of rights under 17 U.S.C. § 106 by Defendants, or by users of the Hailuo AI tool for which the Studios seek to hold Defendants liable, constitutes fair use under 17 U.S.C. § 107 and applicable caselaw.

### Third Affirmative Defense

### (Invalid or Insufficient Registration)

The Studios' claims fail, in whole or in part, to the extent that the copyright registrations purporting to cover some or all of the works at issue are invalid or insufficient, do not encompass the works, characters, or expression the Studios assert, and because the Studios have not satisfied the registration prerequisites of 17 U.S.C. §§ 411-412.

### Fourth Affirmative Defense

### (Extraterritoriality)

The Studios' claims fail, in whole or in part, to the extent they rest on conduct that occurred outside the United States and beyond the territorial reach of the U.S.

Copyright Act, including the acquisition and processing of data and the development and training of the models associated with the Hailuo AI tool.

### Fifth Affirmative Defense

### (License)

The Studios' claims fail, in whole or in part, to the extent that any challenged use occurred with express or implied license, consent, permission, or other authorization from the Studios, their agents, their licensees, or any other person or entity with authority to grant permission.

### Sixth Affirmative Defense

### (Waiver, Estoppel, and Acquiescence)

The Studios' claims fail, in whole or in part, under one or more equitable doctrines, including laches, waiver, acquiescence, estoppel, abandonment, and forfeiture, including because the outputs the Studios allege to be infringing were created, elicited, or made available by the Studios or their agents.

### Seventh Affirmative Defense

### (Unclean Hands)

The Studios' claims fail, in whole or in part, under the doctrine of unclean hands, including because the Studios and their agents themselves generated the output examples depicted in the Complaint, engineered and publicized those examples to manufacture the appearance of infringement, and now invoke them to restrict activity that does not implicate any exclusive right under 17 U.S.C. § 106. The Studios' claims also fail, in whole or in part, because, on information and belief, the Studios or their affiliates have themselves developed, trained, used, licensed, promoted, or benefited from generative-AI tools and technologies, including tools and technologies trained on or using publicly available works, some of which are protected by copyrights owned by third parties. It would be inequitable for the Studios to benefit from the development and use of generative-AI tools and

technologies while seeking to prevent Defendants and others from developing or using such tools.

## Eighth Affirmative Defense

### (De Minimis Use)

The Studios' claims fail, in whole or in part, to the extent any copying of the Studios' protectable expression, whether in developing, training, or operating the Hailuo AI tool, was de minimis and not actionable.

## Ninth Affirmative Defense

### (Contractual Limitations)

The Studios' claims against Nanonoble fail, in whole or in part, under the Terms of Use's limitation on the time to file claims, which requires that any cause of action or claim arising out of or relating to the Terms of Use or the website for the Hailuo AI tool be commenced within one year after it accrues.

## Tenth Affirmative Defense

### (Setoff, Recoupment, and Contractual Obligations)

The Studios' claims against Nanonoble fail, in whole or in part, and any recovery against Nanonoble is barred, offset, or reduced by setoff, recoupment, and the indemnification and related obligations that the Studios assumed through their agents under the Terms of Use, to the extent the Studios' claims or requested relief arise from their agents' use of the Hailuo AI tool.

## Eleventh Affirmative Defense

### (Innocent Infringement)

The Studios' claims for statutory damages fail, in whole or in part, to the extent that 17 U.S.C. § 504(c)(2) limits any award of statutory damages because Defendants did not know and had no reason to believe that their acts constituted infringement.  Defendants had and continue to have a reasonable, good-faith belief that their conduct constitutes fair use and does not infringe any asserted right, and any award of statutory damages should accordingly be reduced.

## Twelfth Affirmative Defense

## (Digital Millennium Copyright Act)

The Studios' claims are barred, limited, or otherwise fail, in whole or in part, to the extent that Defendants qualify for the limitations on liability codified in 17 U.S.C. § 512, including because the Studios failed to provide adequate notice of specific alleged infringements and otherwise failed to satisfy the requirements of the Digital Millennium Copyright Act.

## Thirteenth Affirmative Defense

## (Limitations on Statutory Damages)

The Studios' claims for enhanced statutory damages, multiple statutory-damages awards, or other statutory damages fail, in whole or in part, to the extent that 17 U.S.C. § 504(c), the absence of willful infringement, due process, the prohibition on unconstitutional penalties, or other applicable law precludes or limits such relief.

## Reservation of Additional Defenses

Defendants' investigation of the Studios' claims and Defendants' defenses is ongoing.  Defendants reserve the right to seek leave to amend or supplement this Answer and their defenses as permitted by applicable law.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against the Studios as follows:

1.    Dismissing the Complaint with prejudice;

2.    Denying the Studios all requested relief;

3.    Awarding Defendants their costs and, to the extent authorized by law, reasonable attorneys' fees, including under 17 U.S.C. § 505; and

4.    Granting such other and further relief as the Court deems just and proper.

## NANONOBLE'S COUNTERCLAIMS

Counterclaimant Nanonoble Pte. Ltd. ("**Nanonoble**") asserts the following counterclaims against Disney Enterprises, Inc.; Universal City Studios Productions LLLP; Warner Bros. Entertainment Inc.; Marvel Characters, Inc.; MVL Film Finance LLC; Lucasfilm Ltd. LLC; Twentieth Century Fox Film Corporation; DC Comics; The Cartoon Network, Inc.; Turner Entertainment Co.; Hanna-Barbera Productions, Inc.; and DreamWorks Animation L.L.C. (collectively, the "**Studios**"), and alleges as follows:

### Nature of the Counterclaims

1. Since the filing of this lawsuit, Nanonoble has learned that, starting in 2024, a coordinated group of the Studios' attorneys, investigators, or other agents registered for, signed into, and used the Hailuo AI tool to create the 52 video outputs identified in paragraphs 118 through 159 of their Complaint (the "**Accused Outputs**"). Nanonoble denies that it has liability for any of the Accused Outputs. The Court has not adjudicated that issue.

2. Nonetheless, the Studios used the creation of the Accused Outputs as the basis for this lawsuit. Infringing or not, in using the Hailuo AI tool as they did, the Studios and their agents repeatedly violated Nanonoble's Terms of Use (the "**Terms**"), as detailed below. One consequence of those violations is that the Studios must indemnify, defend, and hold Nanonoble harmless against the claims the Studios allege in their Complaint. By these counterclaims, Nanonoble seeks to hold the Studios to the bargain their agents accepted—a bargain that binds the Studios whether or not any Accused Output infringes.

3. All users who register for, sign into, and use Nanonoble's video- and image-generation tool, known as the Hailuo AI tool, agree to the Terms. The Studios' agents were no exception. By registering for, signing into, and using the Hailuo AI tool, the Studios' agents accepted and became bound by the Terms.

4.     The Terms impose obligations on all users, including that their prompts and resulting outputs must not infringe intellectual property rights, violate the legal rights of others, contain material that could give rise to civil liability, or violate applicable law.  The Terms also prohibit conduct that "may harm the Company . . . or expose [it] to liability," and require each user to "defend, indemnify, and hold harmless" Nanonoble against any claim "arising out of or relating to" the user's use of the tool, including prompts, outputs, and information obtained through the tool.

5.     The Studios directed their agents to generate the Accused Outputs.  The Studios' agents complied.  In so doing, the Studios' agents acted within the scope of their authority and on the Studios' behalf.  The Studios are thus bound by the Terms and responsible for their agents' conduct in connection with the Hailuo AI tool.

6.     The Terms require users to defend and indemnify Nanonoble for claims arising out of or relating to that use.  That indemnity obligation applies to and includes this lawsuit.  The Studios have turned the outputs their agents created—in violation of the Terms—into this lawsuit.  Under the Terms, the Studios cannot leave Nanonoble to bear the potential liability and the cost of defending it.

## The Parties

7.     Counterclaimant Nanonoble is a private limited company organized under the laws of Singapore.  Nanonoble owns and operates the Hailuo AI tool and is the "Company" that contracts with users under the Terms.

8.     On information and belief, Counterclaim-defendant Disney Enterprises, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

9.     On information and belief, Counterclaim-defendant Universal City Studios Productions LLLP is a limited liability limited partnership organized under the laws of the State of Delaware with its principal place of business in Universal City, California.

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

10. On information and belief, Counterclaim-defendant Warner Bros. Entertainment Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

11. On information and belief, Counterclaim-defendant Marvel Characters, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

12. On information and belief, Counterclaim-defendant MVL Film Finance LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

13. On information and belief, Counterclaim-defendant Lucasfilm Ltd. LLC is a limited liability company organized under the laws of the State of California with its principal place of business in San Francisco, California.

14. On information and belief, Counterclaim-defendant Twentieth Century Fox Film Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

15. On information and belief, Counterclaim-defendant DC Comics is a New York general partnership with its principal place of business in Burbank, California.

16. On information and belief, Counterclaim-defendant The Cartoon Network, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

17. On information and belief, Counterclaim-defendant Turner Entertainment Co. is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

18. On information and belief, Counterclaim-defendant Hanna-Barbera Productions, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

19.     On information and belief, Counterclaim-defendant DreamWorks Animation L.L.C. is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Glendale, California.

20.     The Studios are represented in this action by Jenner & Block LLP, their counsel of record.  In this action, the Studios have acted through Jenner & Block LLP—including attorneys who have appeared as attorneys of record and other attorneys at the firm—and through investigators and other agents engaged by or on behalf of the Studios (collectively, the "**Studios' Agents**").  The Studios' Agents acted at the Studios' direction and on the Studios' behalf, within the scope of their authority and engagement, and those acts bind the Studios as their principals.  On information and belief, each Studio authorized or ratified the use of the Hailuo AI tool to generate outputs corresponding to the works, characters, or claims that Studio asserts in this action.

## Jurisdiction and Venue

21.     This Court has supplemental subject-matter jurisdiction over these counterclaims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the Studios' claims, over which the Court has original jurisdiction.

22.     These counterclaims are compulsory under Rule 13(a) of the Federal Rules of Civil Procedure.  The counterclaims arise from the same transaction or occurrence as the Studios' claims because the Studios base their claims, in part, on outputs that their own agents generated using the Hailuo AI tool.

23.     The Studios submitted to this Court's jurisdiction by filing this action. They chose this forum and asserted the claims to which these counterclaims respond.  This Court therefore may exercise personal jurisdiction over the Studios, and venue lies in this Court.

24.     The Terms provide another basis for personal jurisdiction and venue to the extent the Studios are bound by the Terms through their agents.  The Terms require any action arising out of or relating to the Terms or the Hailuo AI tool to

proceed "exclusively in the federal courts of the United States or the courts of . . . Singapore." Ex. A, Governing Law and Jurisdiction. The Terms also provide that the user "waive[s] any and all objections to the exercise of jurisdiction over [it] by such courts and to venue in such courts." *Id*. This Court is a federal court in the United States. Because the Studios are bound by the Terms through their agents, the Studios consented to this Court's jurisdiction and to venue here.

25. Under Federal Rule of Civil Procedure 44.1, Nanonoble gives notice that it intends to rely on Singapore law. Singapore law governs the Terms and disputes arising out of or relating to them.

**Factual Allegations Common to Both Counterclaims**

**A.    The Hailuo AI Tool Is a General-Purpose Tool With Substantial Non-infringing Uses**

26. As to any use within the United States, Nanonoble operates the Hailuo AI tool, an artificial-intelligence service that generates images and short videos. A user gives the tool a text or image prompt, and the tool generates an output in response. The user chooses the prompt, the subject matter, and the content requested.

27. The Hailuo AI tool is a general-purpose creative tool with substantial non-infringing uses, much like video-editing software or a photocopier. Users can generate a wide range of content with it.

**B.    The Terms of Use for the Hailuo AI Tool**

28. Nanonoble's Terms of Use, captioned "Terms of Service," govern access to and use of the Hailuo AI tool, including through the website hailuoai.video. Nanonoble attaches a copy of the Terms as Exhibit A.

29. A user accepts and agrees to be bound by the Terms by using the Hailuo AI tool; a user who does not agree must not access or use the Hailuo AI tool. Ex. A, Acceptance of the Terms of Use. Each user represents that it has legal

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL

capacity to enter into a binding contract with Nanonoble. *Id.* Each user's account is personal to that user. Ex. A, Accessing the Services and Account Security.

30. When a person registers for or signs into the Hailuo AI tool, the sign-in screen offers two options: "Continue with Google" or "Continue with Apple." Directly below those controls, the screen states: "By signing in, you are agreeing to the Term of Service and Privacy Policy," with "Term of Service" appearing as an underlined hyperlink to the Terms attached as Exhibit A. A user who signs in through that screen does so on notice that signing in means agreeing to be bound by the Terms. A print-out of the sign-in screen, as it appeared to the Internet Archive's Wayback Machine on March 2, 2025, is attached as Exhibit B.

31. The Terms permit use for personal, non-commercial purposes only and bar users from accessing or using for commercial purposes any part of the Hailuo AI tool or materials available through it. Ex. A, Intellectual Property Rights of the Services. The Terms separately prohibit prompts and outputs that infringe intellectual-property rights, violate the legal rights of others, violate applicable law, or contain material that could give rise to civil liability. Ex. A, Prohibited Uses; Content Standards.

32. The Terms allow use only for lawful purposes and in accordance with the Terms. A user agrees not to use the Hailuo AI tool in any way that violates applicable law and not to engage in conduct that, "as determined by [Nanonoble], may harm the Company or users of the Services, or expose [it] to liability." Ex. A, Prohibited Uses.

33. The Content Standards require user-submitted materials and generated outputs to comply with applicable laws and prohibit materials or outputs that infringe intellectual-property rights, violate the legal rights of others, or contain material that could give rise to civil liability. Ex. A, Content Standards.

34. The Terms define prompts and other materials submitted through the tool as "User Contributions" and outputs generated according to those instructions

as "User Generated Content."  Ex. A, User Contributions and User Generated Content.  The Terms require those prompts, materials, and outputs to comply with the Content Standards.  *Id.*  Each user represents and warrants that those materials and outputs comply with the Terms and acknowledges that the user, not Nanonoble, bears "full responsibility for such content, including its legality."  *Id.*  Such materials and outputs must not infringe intellectual-property rights, violate the legal rights of others, or contain material that could give rise to civil liability.  Ex. A, Content Standards.

35.   Each user agrees to defend, indemnify, and hold harmless Nanonoble against claims, losses, costs, expenses, and fees, including reasonable attorneys' fees, arising out of or relating to the user's violation of the Terms or use of the tool, including prompts, outputs, and information obtained through the tool.  Ex. A, Indemnification.

36.   Nanonoble reserves to itself the right to change the Terms from time to time as it chooses to do so.  Ex. A, Changes to the Terms of Use.

37.   All matters relating to the Hailuo AI tool and the Terms, and any dispute arising from or related to them—including non-contractual disputes—are governed by the internal laws of Singapore.  Ex. A, Governing Law and Jurisdiction.

38.   The Terms are a valid and enforceable contract supported by consideration: Nanonoble provided access to the Hailuo AI tool in exchange for the user's agreement to the Terms.

C.   **The Studios' Agents Accepted the Terms and Used the Hailuo AI Tool**

39.   The Studios' Agents generated the Accused Outputs through their own use of the Hailuo AI tool.  To generate the Accused Outputs, the Studios' Agents registered for or signed into the Hailuo AI tool.  The sign-in screen informed users

that signing in meant agreeing to the Terms, and each user accepted the Terms by signing in and using the tool.

40.    Through their use of the Hailuo AI tool, the Studios' Agents created many of the Accused Outputs, including dozens of the video outputs shown in the Complaint.

41.    The Studios' Agents acted in a coordinated and systematic way, using the Hailuo AI tool to generate outputs associated with different Studios, characters, and works over several months.

42.    Some of the Studios' Agents bought paid, recurring subscriptions to the Hailuo AI tool, which gave them access to paid features.  Others did not buy paid subscriptions and nevertheless generated some of the Accused Outputs shown in the Complaint.

43.    The Studios' Agents used the Hailuo AI tool on the Studios' behalf and for the Studios' benefit.  The agents who did not purchase paid subscriptions generated Accused Outputs for the Studios' benefit and not for any personal, non-commercial purpose permitted by the Terms.

44.    The Accused Outputs generated by the Studios' Agents using the Hailuo AI tool did not remain private or personal.  The Studios now use those outputs as the basis for claims against Nanonoble in this action.

45.    That same activity exposed Nanonoble to the claims that the Studios now assert and, as Nanonoble has determined, harmed Nanonoble or exposed it to liability under the Terms.

### D.    The Studios Are Bound by Their Agents' Conduct

46.    The Studios acted through Jenner & Block LLP, their counsel of record, and through investigators or other agents engaged by or on behalf of the Studios.  When those attorneys, investigators, and other agents registered for or signed in to the Hailuo AI tool, accepted the Terms, submitted prompts, and used the tool to create the Accused Outputs, they acted at the Studios' direction, on the

Studios' behalf, for the Studios' benefit, and within the scope of their authority and engagement.

47.    Because the Studios' Agents acted within the scope of that authority and engagement, the Studios are bound by the Terms under principles of agency, including principles applicable to undisclosed principals.

48.    In the alternative, the Studios ratified, adopted, and relied on their agents' acceptance of the Terms and use of the Hailuo AI tool.  They adopted and relied on the Accused Outputs in this action and accepted the benefit of their agents' use.  After Nanonoble's counsel informed the Studios' counsel that Nanonoble understood that the Studios' attorneys, investigators, or other agents had created the outputs, the Studios did not disclaim that conduct.  Each Studio ratified, adopted, and relied on the Accused Outputs corresponding to the works, characters, or claims that it asserts.

**First Counterclaim for Relief**

**For Contractual Indemnification**

**(Against All Counterclaim Defendants)**

49.    Nanonoble realleges and incorporates paragraphs 1 through 48 as if set forth in full.

50.    The Terms are valid and enforceable contracts governed by Singapore law.  The Studios' Agents accepted the Terms by signing into and using the Hailuo AI tool, and the Studios are bound through agency, including principles applicable to undisclosed principals, and through their adoption and reliance on the Accused Outputs.

51.    Each user agreed to defend, indemnify, and hold harmless Nanonoble from claims, liabilities, damages, judgments, awards, losses, costs, expenses, and fees, including reasonable attorneys' fees, arising out of or relating to the user's violation of the Terms or use of the Hailuo AI tool, including prompts, outputs, and information obtained through the tool.  Ex. A, Indemnification.

52.    That obligation reaches claims, liabilities, losses, costs, expenses, and fees arising out of or relating to a user's use of the Hailuo AI tool, prompts submitted through the tool, resulting outputs, and information obtained through the tool.  It does not depend on any finding that the use or content was wrongful or infringing.

53.    The Studios' claims arise out of and relate to the Studios' Agents' use of the Hailuo AI tool, the prompts they submitted, the resulting outputs, and information obtained through the tool.  Nanonoble therefore seeks its defense costs, reasonable attorneys' fees, and indemnity under the Terms.

54.    The Studios have not paid or reimbursed Nanonoble's defense costs or reasonable attorneys' fees and have not indemnified Nanonoble against the claims in this action.  Nanonoble has incurred, and continues to incur, defense costs and reasonable attorneys' fees as a result.

55.    Nanonoble is entitled to recover the defense costs and reasonable attorneys' fees it has incurred and will incur in defending against claims arising out of or relating to the Studios' Agents' use of the tool, the prompts they submitted, the resulting outputs, and information obtained through the tool.  Nanonoble also seeks indemnity against any judgment, award, or liability based on the Accused Outputs to the extent such relief is available under the Terms and applicable law.

**Second Counterclaim for Relief**

**For Breach of Contract**

**(Against All Counterclaim Defendants)**

56.    Nanonoble realleges and incorporates paragraphs 1 through 48 as if set forth in full.

57.    The Terms are valid and enforceable contracts governed by Singapore law.  The Studios' Agents accepted the Terms by signing into and using the Hailuo AI tool.  The Studios are bound by their agents' acceptance of the Terms under

agency principles, including principles applicable to undisclosed principals, and through their adoption and reliance on the Accused Outputs.

58.    The Terms restrict use to personal, non-commercial purposes and bar users from accessing or using for commercial purposes any part of the Hailuo AI tool or materials available through it.  The Studios' Agents breached those restrictions by using unpaid accounts to generate Accused Outputs for the Studios' benefit.  Ex. A, Intellectual Property Rights of the Services.

59.    The Studios' Agents also breached the Terms' restrictions on harmful, rights-violating, and liability-creating content and conduct.  Specifically, the Terms: (a) bar users from engaging in conduct that, "as determined by [Nanonoble], may harm the Company . . . or expose [it] to liability"; (b) prohibit prompts and outputs that infringe intellectual-property rights, violate the legal rights of others, violate applicable law, or contain material that could give rise to civil liability; and (c) require users to warrant that their prompts and outputs comply with the Terms and that the user owns or controls the rights necessary to grant Nanonoble the license provided in the Terms.  Ex. A, Prohibited Uses; User Contributions and User Generated Content; Content Standards.

60.    The Studios' Agents breached the restrictions described above by creating the outputs that the Studios now assert as the basis for liability against Nanonoble.

61.    The Studios' Agents' conduct independently breached the Terms because Nanonoble determined that the conduct harmed Nanonoble or exposed it to liability.  If any Accused Output is found to infringe or otherwise violate asserted rights, the same conduct also breached the Terms' restrictions on rights-violating content and the users' warranties concerning their prompts and outputs.  Nanonoble denies that any Accused Output infringes or otherwise violates asserted rights.

62.    The Studios' Agents' breaches caused Nanonoble to suffer loss, including costs and losses incurred in investigating, addressing, and responding to

the contractual violations and the claims arising from the Accused Outputs.  To the extent recoverable as contract damages or under the Terms, Nanonoble also seeks its defense costs and reasonable attorneys' fees.  In any event, Nanonoble is entitled to nominal damages for the breach.

**Third Counterclaim for Relief**

**For Declaratory Relief**

(Against All Counterclaim Defendants)

63.    Nanonoble realleges and incorporates paragraphs 1 through 48 as if set forth in full.

64.    The Terms are valid and enforceable contracts governed by Singapore law.  The Studios' Agents accepted the Terms by signing into and using the Hailuo AI tool.  The Studios are bound by their agents' acceptance of the Terms under agency principles, including principles applicable to undisclosed principals, and through their adoption and reliance on the Accused Outputs.

65.    The Terms prohibit users of the Hailuo AI tool from engaging in harmful, rights-violating, or liability-creating conduct.  Ex. A, Prohibited Uses; User Contributions and User Generated Content; Content Standards.  Nanonoble denies that any Accused Output infringes or otherwise violates asserted rights.  If the Accused Outputs are infringing, the Studios' Agents violated the Terms by using the Hailuo AI tool to create them.

66.    A substantial, immediate, and real controversy exists between Nanonoble and the Studios regarding whether the Studios' Agents' use of the Hailuo AI tool to generate outputs which infringe the Studios' copyrights violates the Terms.

67.    Nanonoble is entitled to a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Studios' Agents' use of the Hailuo AI tool to generate outputs that infringe the Studios' copyrights, if they do, violates the Terms.  Such use includes the generation of the Accused Outputs which, the Studios

allege, infringe the Studios' copyrights and includes any past or future generation of any other allegedly infringing images or videos using the Hailuo AI tool.

## Prayer for Relief on Counterclaims

WHEREFORE, Nanonoble prays for judgment against the Studios as follows:

A.    For an award of Nanonoble's defense costs and reasonable attorneys' fees incurred in defending against claims arising out of or relating to the Studios' Agents' use of the Hailuo AI tool, prompts submitted through the tool, resulting outputs, and information obtained through the tool, in an amount to be proven and including such fees and costs as continue to accrue;

B.    For damages according to proof, including costs and losses Nanonoble incurred in investigating, addressing, and responding to the Studios' Agents' contractual violations, and, in any event, nominal damages for breach;

C.    For prejudgment and post-judgment interest as allowed by law;

D.    For Nanonoble's costs of suit incurred herein;

E.    For a declaration that the Studios' Agents' use of the Hailuo AI tool to generate videos that allegedly infringe the Studios' copyrights, whether in the past, present, or future, violates Nanonoble's Terms of Use; and

F.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Nanonoble Pte. Ltd. and Defendant Shanghai Xiyu Jizhi Technology Co. Ltd. demand a trial by jury on all issues so triable.

Dated: June 5, 2026

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Robert M. Schwartz
Daniel C. Posner
Aaron Perahia
Moon Hee Lee
Bradley Kahn

By: _____
Robert M. Schwartz

*Attorneys for Defendant and Counterclaimant Nanonoble Pte. Ltd. and Defendant Shanghai Xiyu Jizhi Technology Co. Ltd.*

DEFENDANTS' ANSWER; NANONOBLE'S COUNTERCLAIMS; DEMAND FOR JURY TRIAL