**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:(213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs and
Counterclaim-Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MINIMAX, et al., <br><br> Defendants. | Case No. 2:25-cv-08768-SB-E <br><br> **PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT AND COUNTERCLAIMANT NANONOBLE PTE. LTD.'S COUNTERCLAIMS** <br><br> Complaint Filed: September 16, 2025 <br> Trial Date: July 12, 2027 |
| NANONOBLE PTE. LTD., <br><br> Counterclaimant, <br><br> v. <br><br> DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Counterclaim-Defendants. | |

ANSWER

Plaintiffs and Counter-Defendants Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation, (collectively, "Disney"), Universal City Studios Productions LLLP and DreamWorks Animation L.L.C. (collectively "Universal"), and Warner Bros. Entertainment Inc., DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., Hanna-Barbera Productions, Inc. (collectively "Warner Bros. Discovery") (Disney, Universal, and Warner Bros. Discovery are referred to collectively as "Plaintiffs" or "Counter-Defendants"), by and through their attorneys at Jenner & Block LLP, hereby answer the Counterclaims For Contractual Indemnification, Breach Of Contract, And Declaratory Relief; Demand For Jury Trial ("Counterclaims") filed by Defendant and Counterclaimant Nanonoble Pte. Ltd.'s ("Nanonoble" or "Counterclaimant")[1] as follows:

Except as otherwise expressly stated herein, Plaintiffs deny each and every allegation contained in the Counterclaims. Plaintiffs expressly reserve the right to amend or supplement their answer as may be necessary.

## **NATURE OF THE COUNTERCLAIMS[2]**

1. Plaintiffs admit that they investigated Defendants' copyright infringement, collected examples for purposes of filing this lawsuit, and included examples of such infringement in paragraphs 118 through 159 of their Complaint to enforce their rights under the U.S. Copyright Act. Plaintiffs further admit that Hailuo AI unlawfully generated the 52 video outputs identified in paragraphs 118 through 159 of their Complaint (the "Accused Outputs") and this lawsuit is now pending. Plaintiffs deny the remaining allegations of this paragraph.

2. Plaintiffs admit that Hailuo AI service's unlawfully generated infringing outputs and that examples of Defendants' copyright infringement are included in the Complaint. Plaintiffs admit that Nanonoble's counterclaims purport to state claims for

---

[1] Plaintiffs have brought claims against both Nanonoble and Shanghai Xiyu Jizhi Technology Ltd (collectively "Defendants"). Only Nanonoble has brought counterclaims.

[2] Plaintiffs neither admit nor deny the contents of the various headings and subheadings in Defendants' Counterclaims, which are reproduced solely for convenience.

indemnification.  Plaintiffs deny that they violated Nanonoble's Terms of Use and that the Terms of Use are enforceable here.  To the extent the other allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny the remaining allegations of this paragraph.

3. Plaintiffs deny that they or their agents accepted and became bound by Nanonoble's Terms of Use and further deny that the Terms of Use are enforceable here. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and, on that basis, deny them.

4. To the extent this paragraph purports to quote selectively from Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny that the Terms of Use are enforceable here. Plaintiffs deny the remaining allegations of this paragraph.

5. Plaintiffs admit that their agents investigated copyright infringement by and through the Hailuo AI platform and that Hailuo AI generated the infringing outputs included in paragraphs 118 through 159 of Plaintiffs' Complaint during that investigation. Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

6. Plaintiffs allege that their claims arise out of Defendants' unlawful copyright infringement.  Plaintiffs deny that the outputs were created by their agents and allege that the outputs were unlawfully generated by Defendants' Hailuo AI.  Plaintiffs further deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

## The Parties

7. Plaintiffs are informed and believe that Nanonoble is a Singaporean private limited company and that it purports to be the "Company" as defined by the Terms of Use. Plaintiffs are without knowledge or information sufficient to form a belief about the truth

of the remaining allegations of this paragraph and, on that basis, deny them.

8.    Plaintiffs admit that Disney Enterprises, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California.

9.    Admitted.

10.    Plaintiffs admit that Warner Bros. Entertainment Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California.

11.    Plaintiffs admit that Marvel Characters, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California.

12.    Admitted.

13.    Admitted.

14.    Plaintiffs admit that Twentieth Century Fox Film Corporation (also known as "20th Century Studios") is a corporation duly incorporated under the laws of  the State of Delaware with its principal place of business in Burbank, California.

15.    Admitted.

16.    Plaintiffs admit that The Cartoon Network, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

17.    Plaintiffs admit that Turner Entertainment Co. is a corporation duly organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

18.    Plaintiffs admit that Hanna-Barbera Productions, Inc. is a corporation duly organized under the laws of the State of Delaware with its principal place of business in Burbank, California.

19.    Admitted.

20.    Plaintiffs admit they are represented in this action by Jenner & Block LLP.

To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

### Jurisdiction and Venue

21.    To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

22.    To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

23.    Solely for purposes of this action, Plaintiffs admit that they are subject to personal jurisdiction in this District in this lawsuit and that venue is proper in this District. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

24.    Plaintiffs admit that this Court is a federal court in the United States, that they are subject to personal jurisdiction in this District in this lawsuit, and that venue is proper in this District.  Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to quote selectively from Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

25.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

### Factual Allegations Common to Both Counterclaims

26.    Plaintiffs admit that Hailuo AI is an AI service owned and operated by Defendants that generates images and videos in the United States.  Plaintiffs further admit

that if Hailuo AI subscribers submit text prompts, Defendants' service generates, publicly displays, publicly performs, and distributes images and videos including ones that infringe Plaintiffs' copyrighted works. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the other allegations of this paragraph and, on that basis, deny them.

27. Plaintiffs deny that Hailuo AI is like video-editing software or a photocopier. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, on that basis, deny them.

28. To the extent the allegations in this paragraph state legal conclusions, they do not require a response. To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself. Plaintiffs deny that the Terms of Use are enforceable here. Plaintiffs deny any remaining allegations in this paragraph.

29. Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response. To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself. Plaintiffs deny any remaining allegations in this paragraph.

30. Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response. To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A or the screenshot attached as Exhibit B, the documents speak for themselves. Plaintiffs deny any remaining allegations in this paragraph.

31. Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response. To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself. Plaintiffs deny any remaining allegations in

this paragraph.

32.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

33.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

34.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

35.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

36.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

37.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the

extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny any remaining allegations in this paragraph.

38.    Denied.

39.    Denied.

40.    The Studios deny that the Accused Outputs were created by their agents and allege that they were unlawfully generated by Defendants' Hailuo AI.  Plaintiffs admit that their Complaint depicts dozens of infringing image and video outputs created by Defendants.  Plaintiffs deny the remaining allegations in this paragraph.

41.    Denied.

42.    Plaintiffs admit that in order to investigate Defendants' infringing activity, their agents investigated Defendants' Hailuo AI service through both free and paid accounts.  Plaintiffs deny the remaining allegations in this paragraph.

43.    Denied.

44.    The Studios deny that the Accused Outputs were created by their agents and allege that they were generated by Defendants.  Plaintiffs admit that the outputs in paragraphs 118 through 159 of Plaintiffs' Complaint are part of Plaintiffs publicly filed Complaint.  Plaintiffs deny the remaining allegations in this paragraph.

45.    Denied.

46.    Plaintiffs admit they are represented in this action by Jenner & Block LLP.  Plaintiffs admit that they investigated Defendants' copyright infringement.  The Studios deny that the Accused Outputs were created by their agents and allege that they were generated by Defendants.  Plaintiffs deny the remaining allegations in this paragraph.

47.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

48.    Plaintiffs deny that the Terms of Use are enforceable here. The Studios deny that the Accused Outputs were created by their agents and allege that they were generated

by Defendants.  To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

**First Counterclaim for Relief**

**For Contractual Indemnification**

**(Against All Counterclaim Defendants)**

49.    This paragraph does not contain any allegations of fact and, therefore, no answer is required.  To the extent an answer is necessary, Plaintiffs incorporate by reference their responses contained in paragraph 1 through 48 as if fully set forth at length herein.

50.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

51.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs deny the remaining allegations of this paragraph.

52.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent a response is required, Plaintiffs deny any remaining allegations in this paragraph.

53.    Plaintiffs allege that their claims arise out of Defendants' unlawful copyright infringement.  Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response. Plaintiffs specifically deny Nanonoble is entitled to its defense costs, reasonable attorneys' fees, or indemnity.  Plaintiffs deny any remaining allegations in this paragraph.

54.    Plaintiffs deny that they are required to pay or reimburse Nanonoble's defense costs or attorneys' fees and that they are required to indemnify Nanonoble.  Plaintiffs admit they have not paid or reimbursed Nanonoble for its defense costs or attorneys' fees, nor

indemnified Nanonoble for its own copyright infringement.  Plaintiffs deny the remaining allegations in this paragraph.

55.    Denied.

## Second Counterclaim for Relief

## For Breach of Contract

## (Against All Counterclaim Defendants)

56.    This paragraph does not contain any allegations of fact and, therefore, no answer is required.  To the extent an answer is necessary, Plaintiffs incorporate by reference their responses contained in paragraph 1 through 55 as if fully set forth at length herein.

57.    Denied.

58.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to quote selectively from Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs specifically deny they breached any alleged contract and deny the remaining allegations of this paragraph.

59.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response.  To the extent this paragraph purports to quote selectively from Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself.  Plaintiffs specifically deny they breached any alleged contract and deny the remaining allegations of this paragraph.

60.    Denied.

61.    Denied.

62.    Denied.

## Third Counterclaim for Relief

## For Declaratory Relief

## (Against All Counterclaim Defendants)

63.    This paragraph does not contain any allegations of fact and, therefore, no answer is required.  To the extent an answer is necessary, Plaintiffs incorporate by reference

their responses contained in paragraph1 through 62 as if fully set forth at length herein.

64.    Denied.

65.    Plaintiffs deny that the Terms of Use are enforceable here. To the extent the allegations in this paragraph state legal conclusions, they do not require a response. To the extent the complaint purports to characterize Nanonoble's alleged Terms of Use attached as Exhibit A, the document speaks for itself. Plaintiffs deny any remaining allegations in this paragraph.

66.    Denied.

67.    Denied.

## NANONOBLE'S PRAYER FOR RELIEF

Plaintiffs deny that Nanonoble is entitled to any of the relief requested in Nanonoble's prayer for relief, or to any relief in any form from either the Court or Plaintiffs. Plaintiffs respectfully request that the Court enter judgment in their favor and against Nanonoble on all of Nanonoble's counterclaims, deny each of Nanonoble's prayers for relief, and award Plaintiffs their costs, attorneys' fees, and any other further relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Nanonoble's request for a jury trial includes no allegations and, therefore, requires no response. To the extent a response is required, Plaintiffs demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

In response to Defendants' counterclaim, Plaintiffs incorporate each and every allegations set forth in their Complaint, filed September 16, 2025, ECF No. 1.

Plaintiffs assert the following defenses. Plaintiffs do not concede that they bear the burden of proof as to any of the defenses asserted. Discovery recently began and, therefore, Plaintiffs have not yet collected and reviewed all the information and materials that may be relevant to the matters and issues herein. Accordingly, Plaintiffs reserve the right to amend, modify, or expand these defenses and to take further positions as discovery

proceeds in this case.

## First Defense

### *(Failure to State a Claim)*

The counterclaims fail to state a claim on which relief can be granted.

## Second Defense

### *(California Civil Code § 1668)*

The counterclaims fail, in whole or in part, because the Terms of Use, as applied by Nanonoble in its counterclaims, violate California Civil Code § 1668, which states that "[a]ll contracts which have for their object, directly or indirectly, to exempt any one from responsibility for its own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law," because, among other reasons, Nanonoble seeks to exculpate itself from its own direct and indirect copyright infringement—including willful infringement—through its interpretation of its Terms of Use.

## Third Defense

### *(Public Policy)*

The counterclaims fail, in whole or in part, because the Term so Use, as applied by Nanonoble in its counterclaims, violate public policy of California and the United States because, among other reasons, Nanonoble's interpretation of its Terms of Use is contrary to the public policies behind Federal Rules of Civil Procedure Rule 11 for pre-lawsuit investigations and the Copyright Act's policy against copyright infringement and internet service providers interfering with standard technical measures to police infringement online.

## Fourth Defense

### *(Waiver)*

The counterclaims fail, in whole or in part, because Nanonoble has waived any right to enforce the Terms of Use as interpreted, including but not limited to, through its actions directly infringing Plaintiffs' copyrighted works and through promoting and encouraging

use of its Hailou AI service for infringing purposes.

## Fifth Defense

### *(Formation)*

The counterclaims fail, in whole or in part, because no proper legally binding contract was formed between the parties.

## Sixth Defense

### *(Estoppel)*

The counterclaims fail, in whole or in part, by the doctrine of estoppel, as a result of, among other things, Nanonoble's advertisements and promotions of its services, its Prompt Optimizer or other tools that refine and rewrite subscriber prompts, and its encouragement of its subscribers to engage in infringing activity using the Hailuo AI service.

## Seventh Defense

### *(No Harm/Damages)*

The counterclaims fail, in whole or in part, because Nanonoble has suffered no harm or damages causally related to or the result of any alleged breach of contract.

## Eighth Defense

### *(Unconscionability)*

The counterclaims fail, in whole or in part, because the Terms of Use, as applied by Nanonoble in its counterclaims, are procedurally and/or substantively unconscionable.

## Ninth Defense

### *(Unclean Hands)*

Nanonoble brings its counterclaims with unclean hands with respect to Defendants' Hailuo AI service because it seeks to use Hailuo AI's services' Terms of Use to exculpate Nanonoble's wrongdoing, including through an overly broad reading of the Terms of Use. Defendants operate Hailuo AI, a Chinese artificial intelligence image and video generating service that pirates and plunders Plaintiffs' copyright works on a massive scale. Defendants generate, and offer their subscribers, an endless supply of infringing images and videos featuring Plaintiffs' famous copyrighted characters.  In order to investigate

whether the Hailuo AI service infringes copyrights to seek to stop such infringement, it is necessary to investigate the service.  Nanonoble's position regarding its Terms of Use would preclude a copyright holder from investigating infringement of its copyrights. Because Defendants' inequitable conduct relates directly to Nanonoble's counterclaims in its action and harms Plaintiffs, Nanonoble is not entitled to any equitable relief.

## Tenth Defense

### (No Breach)

The counterclaims fail, in whole or in part, because the alleged conduct of Plaintiffs does not violate Nanonoble's Terms of Use and therefore there is no breach of any alleged agreement, due to, among other things, Plaintiffs' alleged conduct was not for commercial purposes, did not violate the intellectual property or other rights of third parties, did not expose Defendants to any third-party liability, and/or did not create any independent liability of Defendants.

## Eleventh Defense

### (No Third-Party Claim/Injury)

The counterclaims fail, in whole or in part, because there are no third-party claims or injury such that any indemnification is necessary.  Nanonoble only seeks indemnification for first party claims that are by law not covered by the alleged indemnification provisions.

## Twelfth Defense

### (Inapplicable Choice of Law Provision)

To the extent that Nanonoble relies upon an alleged Singapore choice of law provision, such provision is unenforceable because the chosen jurisdiction has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice and/or application of the law of the chosen jurisdiction would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which would be the state

ANSWER

of the applicable law in the absence of an effective choice of law by the parties.

## Thirteenth Defense

### *(Lack of Standing)*

The counterclaims fail, in whole or in part, because Nanonoble lacks standing to bring such counterclaims.

## Other Defenses

Plaintiffs reserve the right to assert any additional or affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defense, at law or equity, that may now exist or that may become available through information developed in discovery, at trial, or otherwise.

## PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, in addition to the relief sought in their Complaint (ECF No. 1), Plaintiffs pray for judgment against Defendants as follows in regard to Nanonoble's counterclaims:

1.   That Nanonoble takes nothing and that judgment be entered in favor of Plaintiffs and against Nanonoble;

2.   Awarding Plaintiffs their attorneys' fees and costs incurred in responding to Nanonoble's meritless allegations of breach of contract and indemnity;

3.   Awarding Plaintiffs such further relief as the Court deems fair and proper.

Dated:  June 26, 2026

JENNER & BLOCK LLP


By:  _____/s/ David Singer_____
David Singer
Julie A. Shepard
Lauren M. Greene

*Attorneys for Plaintiffs and Counterclaim-Defendants*

ANSWER