**JENNER & BLOCK LLP**
David Singer (SBN 204699)
DSinger@jenner.com
Julie Shepard (SBN 175538)
JShepard@jenner.com
Lauren Greene (SBN 271397)
LGreene@jenner.com
Mark Marciszewski (SBN 344240)
MMarciszewski@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DISNEY ENTERPRISES, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., et al.,

Plaintiffs,

v.

MINIMAX, et al.,

Defendants.

---

NANONOBLE PTE. LTD.,

Counterclaimant,

v.

DISNEY ENTERPRISES, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., et al.,

Counter-Defendants.

---

Case No. 2:25-cv-08768-SB-E

Hon. Judge Stanley Blumenfeld, Jr.

**JOINT NOTICE OF MOTION AND MOTION FOR EXTENSION OF CASE SCHEDULE**

Complaint Filed: September 16, 2025
Trial Date: July 12, 2027

[Declarations of Julie Shepard, Robert M. Schwartz, and Duan Zhichao and [Proposed] Order filed concurrently]

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Court's Case Management Order (Dkt. 45), Plaintiffs and Counter-Defendants Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation (collectively, "Disney"), Universal City Studios Productions LLLP and DreamWorks Animation L.L.C. (collectively, "Universal"), and Warner Bros. Entertainment Inc., DC Comics, The Cartoon Network, Inc., Turner Entertainment Co., and Hanna-Barbera Productions, Inc. (collectively, "Warner Bros. Discovery" and, together with Disney and Universal, "Plaintiffs"), and Defendant and Counterclaimant Nanonoble Pte. Ltd. ("Nanonoble") and Defendant Shanghai Xiyu Jizhi Technology Co. Ltd. ("SXJT," and, together with Nanonoble, "Defendants"), through their undersigned counsel of record, and subject to the approval of the Court, jointly seek extension of case deadlines for good cause. Plaintiffs and Defendants are referred to collectively as the "Parties."

This Joint Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Julie Shepard, Robert M. Schwartz, and Duan Zhichao, any oral argument heard by the Court, and such other matters as the Court may consider.

Dated: November 22, 2026 JENNER & BLOCK LLP

By: */s/ Julie A. Shepard*
Julie A. Shepard
David Singer
Lauren M. Greene
Mark Marciszewski

Attorneys for Plaintiffs

Dated: November 22, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Robert M. Schwartz*
Robert M. Schwartz
Daniel C. Posner
Haiyan Tang
Aaron Perahia

Attorneys for Defendants

# TABLE OF CONTENTS

I. Introduction ........ 1

II. The Parties' Diligent Prosecution of the Case and Discovery Efforts to Date ........ 3

III. Good Cause Exists for an Extension of the Fact Discovery Cutoff ........ 4

A. Source Code Discovery ........ 5

B. Non-Source Code Discovery ........ 6

IV. Good Cause Exists to Extend the Expert Cutoff Dates and to Provide that Expert Discovery Be Completed Before the Meet and Confer for Summary Judgment Motions ........ 8

V. Proposed Schedule ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .......... 4

**Statutes**

Article 36 of the PRC Data Security Law .......... 2

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) .......... 4

Fed. R. Civ. P. 26(f) .......... 3

Fed. R. Civ. P. 30(b)(6) .......... 6, 7, 17, 21

C.D. Cal. L.R. 37-2 .......... 17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The Parties jointly move for an extension of the case management deadlines. Specifically, the Parties seek:

- a fourteen-week extension of the fact discovery cutoff, from February 19 to May 28, 2027, due in large part to the complexities involved with obtaining discovery from parties located in China and Singapore, including foreign government-mandated review and approval processes, as detailed below, the scheduling and taking of depositions of foreign witnesses, and the translation needs for both document and deposition discovery. The extension is also necessary to complete the Parties' remaining discovery;
- a twenty-week extension of the expert discovery cutoff, from March 19 to August 6, 2027, to allow two weeks between the close of fact discovery and the initial expert disclosure, four weeks for rebuttal disclosures, and four weeks for expert depositions and related discovery, which is necessary because the Parties anticipate that source code may need to be reviewed under restricted access in connection with the preparation of expert reports, including the rebuttal reports;
- a ten-week extension of the private settlement-conference deadline, from April 16 to June 25, 2027, so that the Parties can mediate after fact discovery and before the close of expert discovery;
- a twenty-eight-week extension of the non-discovery motion hearing cutoff, from April 2 to October 15, 2027, to permit the Parties to complete expert discovery before the summary judgment conference and brief exchange contemplated by this Court's procedures (the Parties anticipate that their summary judgment motions may rely on expert testimony)[1]; and

[1] Per this Court's rules, the Parties are to meet and confer regarding such motions 53 days in advance of the hearing date and "thoroughly discuss each issue to be raised and the law and evidence relevant to that issue," and the Parties are to conduct their initial

- an extension of the related pretrial and trial dates, with trial moving from July 12, 2027, to January 24, 2028, to follow the discovery and motion schedule set out below.

This joint request for an extension arises from the ongoing document production which includes production that implicates an approval process in the People's Republic of China ("PRC"), which affects the Parties' ability to complete discovery, depositions, and expert discovery and to file motions for summary judgment in accordance with the current case schedule. As explained by Duan Zhichao, a senior partner at Han Kun Law Offices in Beijing whom Defendants retained to advise on PRC data-transfer requirements, Article 36 of the PRC Data Security Law requires government approval before a Chinese entity provides data stored in China to a foreign judicial or law-enforcement authority. Declaration of Duan Zhichao ISO Joint Motion for Extension of Case Schedule ("Duan Decl.") ¶¶ 3-5. Because Plaintiffs seek source code and related technical materials stored in China for use in this litigation, Defendant SXJT has applied to the relevant PRC authorities for approval to disclose those materials under Article 36 and other applicable Chinese laws (the "PRC Review"). Production of those materials remains subject to the outcome of that review. Duan Decl. ¶¶ 13-14. Depending on the outcome of the Parties' ongoing discovery disputes related to Plaintiffs' Requests for Production, additional documents may need to be submitted to the PRC approval process by SXJT or a similar process with Singapore authorities for materials requested from Nanonoble.

And as described in the accompanying declarations of the Parties' respective lead counsel, Julie Shepard and Robert Schwartz, both sides also need additional time to complete party and third-party discovery, including depositions, and many documents to be produced by Defendants are in Chinese and will require translation. Declaration of Julie A. Shepard in Support of Joint Motion For Extension of Case Schedule ("Shepard Decl.") ¶¶ 3, 8; Declaration of Robert M. Schwartz in Support of Joint Motion For Extension of

exchange of briefs within seven days of their meet and confer discussion. Order re Motions for Summary Judgment ("MSJ Order"), ¶ 1(e), (i).

Case Schedule ("Schartz Decl.") ¶ 20. Based on the information available to them, the Parties' best estimate is that it will take an additional fourteen weeks to complete fact discovery, and they request and propose a schedule taking into account that extension and the other related adjustments explained above.

## II. The Parties' Diligent Prosecution of the Case and Discovery Efforts to Date

The Parties have cooperated to move this case forward. Plaintiffs filed the Complaint on September 16, 2025. Dkt. 1. After the summons issued, Plaintiffs promptly began service efforts under the Hague Convention on Defendants located in China and Singapore. Dkt. 18, 19. Once Nanonoble's agent received the summons and Complaint, the Parties stipulated to service on SXJT and to a schedule for Defendants' response. The Court approved the stipulation on March 2, 2026, with service deemed effective February 20, 2026. Dkt. 27, 29.

The Parties submitted their Joint Rule 26(f) Report on April 21, 2026, and on May 1, 2026, the Court held the Case Management Conference and set the current case schedule. Dkt. 30, 40, 45. The Parties also stipulated to a briefing schedule for Defendants' Motions to Dismiss, and briefing closed on May 15, 2026. Dkt. 31-33. The Court denied the motions on May 22, 2026, and Defendants answered and counterclaimed on June 5, 2026. Dkt. 57, 60.

Plaintiffs served their first requests for production on April 15, 2026, and the Parties exchanged initial disclosures on April 24, 2026. *See* Dkt. 40 at 10; Dkt. 49. Plaintiffs also served their first interrogatories and requests for admission on April 30, 2026. Shepard Decl. ¶ 4. Defendants served their first requests for production, interrogatories, and requests for admission on June 17, 2026. Schwartz Decl. ¶ 7.

The Parties have served and answered hundreds of written discovery requests. Shepard Decl. ¶ 5. On August 7, 2026, the Parties filed a stipulated protective order. Dkt. 64. Plaintiffs have made rolling productions since August 21, 2026, which consist of the vast majority of documents responsive to Defendants' requests. Shepard Decl. ¶¶ 6-7.

Defendants have made rolling productions since October 2, 2026, which consist of over 19,000 documents. Schwartz Decl. ¶ 8.

The Parties have worked to resolve disputes over these productions and their written discovery without Court intervention. They have exchanged at least twenty discovery letters, eleven substantive discovery emails, and have met and conferred at least eight times in the past six months, including by telephone, video conference, and in person. Shepard Decl. ¶ 9; Schwartz Decl. ¶ 4. Defendants have served four sets of supplemental responses, and Plaintiffs have served one in efforts to resolve certain discovery disputes. Schwartz Decl. ¶ 5; Shepard Decl. ¶ 10.

As explained in further detail below, on September 29, 2026, Plaintiffs served their portions of a joint stipulation to move to compel inspection of Defendants' Hailuo AI image- and video-generation service and source code (and related technical materials). Thereafter, the Parties agreed on the source code and related technical materials Defendants would produce, subject to PRC Review. Shepard Decl. ¶¶ 11-14; Schwartz Decl. ¶ 12. SXJT has submitted that source code for PRC Review. Schwartz Decl. ¶ 13. The Parties also agreed on terms for Plaintiffs to inspect Defendants' Hailuo AI image- and video-generation service through a testing account. Shepard Decl. ¶¶ 11, 13; Schwartz Decl. ¶ 11.

The Parties are continuing to meet and confer on other issues that remain open. Shepard Decl. ¶ 16; Schwartz Decl. ¶ 9.

## III. Good Cause Exists for an Extension of the Fact Discovery Cutoff

A court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that good cause turns primarily on diligence). Here, the Parties request a fourteen-week extension of the fact discovery cutoff to complete the remaining work, which includes productions by both sides, review of the agreed source code and related technical materials if PRC authorities approve their production, follow-up written discovery, depositions of party and third-party witnesses, and motion practice to the extent necessary. The

information below sets out the Parties' diligence and the time needed for each remaining item.

**A. Source Code Discovery**

Some of the core discovery previously in dispute involved Plaintiffs' requests for production of certain categories of Defendants' source code ("Source Code RFPs"). Shepard Decl. ¶ 11. Plaintiffs served these requests on April 15, 2026. *Id.* The Parties met and conferred regarding Defendants' objections to the Source Code RFPs from June through September. *Id.* ¶ 12; Schwartz Decl. ¶ 12. As noted above, Plaintiffs also requested inspection of a Hailuo AI account. Shepard Decl. ¶ 11; Schwartz Decl. ¶ 11.

On September 29, 2026, Plaintiffs provided Defendants with Plaintiffs' portion of the required Joint Stipulation to support a motion to compel source code in response to Plaintiffs' requests for production and Plaintiffs' request for inspection of a Hailuo AI account, along with a declaration from Plaintiffs' source code expert explaining the need for the requested code. Shepard Decl. ¶ 13.

Thereafter, the Parties participated in further conferences on the Source Code RFPs and the inspection request. Shepard Decl. ¶ 13; Schwartz Decl. ¶¶ 11-12. On October 23, 2026, the Parties resolved their disputes regarding the inspection request subject to agreements on the scope of the inspection. *Id.*; Schwartz Decl. ¶ 11. On October 28, 2026, the Parties agreed on production of source code and related technical materials, subject to PRC Review. Shepard Decl. ¶ 13; Schwartz Decl. ¶¶ 12-13. The Parties' agreements have not resolved the timing or outcome of PRC Review, as that is a matter largely outside the Parties' control. Shepard Decl. ¶ 14; Schwartz Decl. ¶¶ 12-13.

As described in the Duan Declaration, Defendants cannot produce the agreed source code and related technical materials until the PRC Review is complete. Duan Decl. ¶¶ 9-14. SXJT initiated the approval process on October 23, 2026. *Id.* ¶ 13. Neither side can predict when the PRC will render its decision or whether the PRC authorities will approve

disclosure of the requested materials. The reviewing authorities may request additional information or consult other agencies, and no decision date is available. *Id.* ¶ 15.[2]

Although key aspects of the process to obtain approval to produce the agreed source code and related technical materials are not within the Parties' control, the Parties are taking the steps they can to advance this discovery and proceed with other discovery while PRC Review is pending. Schwartz Decl. ¶¶ 13-14. After any PRC approval, Defendants must prepare the approved source code and related technical materials for production under protective conditions, and Plaintiffs must arrange for their experts to review it. Shepard Decl. ¶ 15; Schwartz Decl. ¶ 14. That review may inform Plaintiffs' depositions and the Parties' expert reports. Shepard Decl. ¶ 15; Schwartz Decl. ¶ 14.

**B. Non-Source Code Discovery**

Defendants served a subpoena on the third party Motion Picture Association ("MPA") on September 8, seeking documents concerning the MPA's dealings with generative AI providers over copyright issues. Schwartz Decl. ¶ 19. The MPA served objections on October 5, and Defendants and the MPA have conferred on narrowing the subpoena. *Id.*

The Parties also continue to address the scope of party discovery. Schwartz Decl. ¶ 9. On November 6, Defendants served notices for Rule 30(b)(6) depositions of the three studio groups for placeholder dates in December so the Parties can discuss any objections and mutually agreeable dates for these depositions, which will likely involve depositions of multiple witnesses given the scope of the multitude of topics contained in the notices. *Id.* ¶¶ 15-17. Similarly, pursuant to the Rule 30(b)(6) procedures, Plaintiffs have provided a list of 30(b)(6) deposition topics for Defendants' depositions. Shepard Decl. ¶ 19. The Parties are conferring on objections and the deposition dates, some of which will depend on the production of documents subject to PRC Review. *Id.*

---

[2] The Parties reserve their positions on the scope of discovery and any foreign-law objections. This motion seeks only an extension of the schedule.

Substantial non-source-code discovery remains. While the Parties have resolved a number of issues without need for Court intervention, other issues are still the subject of dispute and will be subject to motion practice if resolution is not reached soon. Shepard Decl. ¶ 16; Schwartz Decl. ¶ 9. Both sides' document productions remain ongoing. Shepard Decl. ¶¶ 6-7, 15, 17; Schwartz Decl. ¶ 8. To date, Plaintiffs have produced the vast majority of documents responsive to Defendants' requests, and expect substantial completion by December 18, 2026. Shepard Decl. ¶ 7. As noted above, Defendants have produced over 19,000 documents, and expect substantial completion of documents not subject to PRC Review by February 19, 2027. Schwartz Decl. ¶ 8. Many of Defendants' documents are in Chinese. *Id.* ¶ 20. The number of additional Chinese-language documents Defendants must review and produce will depend on the search terms that the Parties are still negotiating. *Id.*

Some follow-up discovery will depend on what the outstanding documents and any approved source code and related technical materials show. Shepard Decl. ¶¶ 17-18; Schwartz Decl. ¶ 20. After reviewing those materials, Plaintiffs may identify additional percipient witnesses or serve additional discovery, including on third parties. Shepard Decl. ¶¶ 17-18. Defendants likewise need to review Plaintiffs' outstanding production and complete discovery directed to Plaintiffs and third parties. Schwartz Decl. ¶ 20. The Parties seek a schedule that permits that work without assuming that every deposition must await completion of all document production.

Finally, several witnesses, including witnesses associated with Defendants in China and Singapore, reside outside the United States. PRC law prohibits oral depositions in China for use in U.S. proceedings. The Parties have conferred in good faith about deposition locations, including Los Angeles, Hong Kong, Singapore, and remote testimony. Shepard Decl. ¶ 20; Schwartz Decl. ¶ 17. Defendants' Rule 30(b)(6) depositions of Plaintiffs will take place in Los Angeles. Schwartz Decl. ¶ 15. The Rule 30(b)(6) depositions of Defendants may take place in Hong Kong, Singapore, or Los Angeles. Shepard Decl. ¶ 20; Schwartz Decl. ¶ 17. The Parties agree that witness location

and translation needs may lengthen the deposition schedule and, with the outstanding productions, add to the need for more time. Shepard Decl. ¶ 20; Schwartz Decl. ¶¶ 17, 20.

For these reasons, and in light of the uncertainty of when source code will be approved for production through the PRC Review and reviewed by Plaintiffs' experts, the Parties jointly request a fourteen-week extension of fact discovery, through May 28, 2027. Shepard Decl. ¶ 21; Schwartz Decl. ¶ 20. The Parties propose providing the Court with regular status reports on the PRC source code review and production. To the extent called for, those reports will include whether the Parties anticipate needing to request any further adjustments to the case schedule based on unforeseen developments and what steps they are taking to minimize further adjustments due to such developments.

## IV. Good Cause Exists to Extend the Expert Cutoff Dates and to Provide that Expert Discovery Be Completed Before the Meet and Confer for Summary Judgment Motions

The Parties also jointly request a twenty-week extension of the expert discovery cutoff, to August 6, 2027, so that expert discovery closes before the summary judgment meet and confer and initial brief exchange under the MSJ Order. Under that schedule, the Parties would serve initial expert reports on June 11, two weeks after fact discovery closes on May 28; serve rebuttal reports four weeks later, on July 9; and complete expert depositions by August 6. Both sides anticipate expert testimony, and review of any produced source code and related technical materials may require restricted access and coordination with counsel. The proposed intervals allow each side to prepare its reports and examine the other side's experts after completing the principal fact discovery, including any production of source code. Shepard Decl. ¶ 22; Schwartz Decl. ¶¶ 21-22.

The Parties also request a twenty-eight-week extension of the non-discovery motion hearing cutoff, to October 15, 2027, so that expert discovery closes before the Parties exchange initial summary judgment briefs. MSJ Order ¶ 1(e), (i). The Parties anticipate that their summary judgment motions may rely on expert testimony, and the MSJ Order requires the Parties to meet and confer about their anticipated motions and supporting

evidence 53 days before the hearing and to exchange initial briefs within seven days after that conference. MSJ Order ¶ 1(i). The current schedule requires the summary judgment conference and initial exchanges before the expert discovery cutoff, and the proposed hearing cutoff permits that conference to occur after the August 6 cutoff. Although the MSJ Order does not require that sequence, the Parties believe it will facilitate a more informed discussion of motions that may rely on expert testimony.

## V. Proposed Schedule

The extended discovery and motion deadlines also justify moving the trial-filing and trial dates so the Court can decide summary judgment motions before the Parties prepare for trial. The Parties request only a ten-week extension of the private settlement-conference deadline, to June 25, 2027, with a post-settlement status conference on July 9 and a joint status report due July 2. That date allows the Parties to mediate after fact discovery closes and before expert discovery ends. Good cause therefore supports extending the case schedule, and the Parties jointly propose this revised schedule:

| Event | Prior Date | Current Date | Proposed Date |
|---|---|---|---|
| **Trial** (Jury) (Mon., 8:30 am) | None | 07/12/2027 | 01/24/2028 |
| **Pretrial Conf.** (Fri., 8:30 am) | None | 06/25/2027 | 01/07/2028 |
| **Motion to Amend Pleadings** | None | 06/26/2026 | 06/26/2026 |
| **Plaintiffs' Substantial Completion of Document Production** | None | None | 12/18/2026 |
| **Defendants' Substantial Completion of Document Production** (Except Materials Subject to PRC Review) | None | None | 02/19/2027 |
| **Status Reports** on PRC Review and Outstanding Discovery | None | None | 02/12/2027<br>03/19/2027<br>04/23/2027 |

| | | | |
|---|---|---|---|
| **Fact Discovery Cutoff** (Including Motion Hearing Cutoff) | None | 02/19/2027 | 05/28/2027 |
| **Expert Discovery Cutoff** (Including Motion Hearing Cutoff) | None | 03/19/2027 | 08/06/2027 |
| **Initial Expert Disclosure** | None | 02/05/2027 | 06/11/2027 |
| **Rebuttal Expert Disclosure** | None | 02/19/2027 | 07/09/2027 |
| **Non-Discovery Motion Hearing Cutoff** | None | 04/02/2027 | 10/15/2027 |
| **Settlement Conf. Deadline** (private) | None | 04/16/2027 | 06/25/2027 |
| **Post-Settle. Conf.**<br><br>Joint Status Report Due (7 days before *by 9:00 am*) | None | 04/30/2027<br><br>04/23/2027 | 07/09/2027<br><br>07/02/2027 |
| **Trial Filings (1st Set)** | None | 05/28/2027 | 12/03/2027 |
| **Trial Filings (2nd Set)** | None | 06/11/2027 | 12/17/2027 |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| 09/16/2025 | Π | Complaint | Plaintiffs commence service efforts pursuant to the Hague Convention. |
| 02/20/2026 | Π / Δ | Joint Stipulation re Acceptance of Service by Defendants after Nanonoble Served in Singapore [Dkt. 29] | |
| 04/10/2026 | Δ | SXJT's and Nanonoble's Motions to Dismiss | |
| 04/15/2026 | Π | • First Set of Requests for Production to SXJT;<br>• First Set of Requests for Production to Nanonoble. | |
| 04/24/2026 | Π | Initial Disclosures | |
| 04/24/2026 | Δ | Initial Disclosures | |
| 04/30/2026 | Π | • First Set of Requests for Admission to SXJT;<br>• First Set of Requests for Admission to Nanonoble;<br>• First Set of Interrogatories to SXJT;<br>• First Set of Interrogatories to Nanonoble. | |
| 05/01/2026 | Court/ Π/ Δ | Mandatory Case Management Conference | |
| 05/01/2026 | Π | Plaintiffs' Opposition to Motions to Dismiss | |
| 05/15/2026 | Δ | SXJT's and Nanonoble's Replies in Support of Motions to Dismiss | |
| 05/22/2026 | Court | Order Denying Motions to Dismiss | |
| 06/05/2026 | Δ | Answer and Counterclaims | |
| 06/05/2026 | Δ | • SXJT's Responses and Objections to First Set of Requests for Production;<br>• Nanonoble's | |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | Responses and Objections to First Set of Requests for Production. | |
| 06/17/2026 | Π | First Request for Inspection | |
| 06/17/2026 | Δ | • First Set of Requests for Admission to Disney;<br>• First Set of Requests for Admission to Universal;<br>• First Set of Requests for Admission to Warner Bros. Discovery;<br>• First Set of Requests for Production to Disney;<br>• First Set of Requests for Production to Universal;<br>• First Set of Requests for Production to Warner Bros. Discovery;<br>• First Set of Interrogatories to All Plaintiffs | |
| 06/22/2026 | Δ | • SXJT's Responses and Objections to First Set of Requests for Admission;<br>• Nanonoble's Responses and Objections to First Set of Requests for Admission;<br>• SXJT's Responses and Objections to First Set of Interrogatories;<br>• Nanonoble's Responses and Objections to First Set of Interrogatories. | |
| 06/26/2026 | Π | Answer to Counterclaims | |
| 07/06/2026 | Δ | Response to First Request for Inspection | |
| 08/07/2026 | Π / Δ | Stipulated Protective | |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | Order filed. Dkt. 64. | |
| 08/07/2026 | Π | • Disney's Responses and Objections to First Set of Requests for Admission;<br>• Universal's Responses and Objections to First Set of Requests for Admission;<br>• Warner Bros. Discovery's Responses and Objections to First Set of Requests for Admission;<br>• Disney's Responses and Objections to First Set of Requests for Production;<br>• Universal's Responses and Objections to First Set of Requests for Production;<br>• Warner Bros. Discovery's Responses and Objections to First Set of Requests for Production;<br>• Disney's Responses and Objections to First Set of Interrogatories;<br>• Universal's Responses and Objections to First Set of Interrogatories;<br>• Warner Bros. Discovery's Responses and Objections to First Set of Interrogatories. | |
| 08/14/2026 | Δ | Second Set of Requests for Production to Disney | |
| 08/21/2026 | Π | • Disney's First Document Production;<br>• Universal's First Document Production;<br>• Warner Bros. Discovery's First Document Production. | |
| 09/08/2026 | Δ | • Third Set of Requests for Production to | |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | Disney;<br>• Second Set of Requests for Production to Universal;<br>• Second Set of Requests for Production to Warner Bros. Discovery | |
| 09/08/2026 | Δ | Document Subpoena to Motion Picture Association | |
| 09/14/2026 | Π | Disney's Responses and Objections to Second Set of Requests for Production | |
| 09/18/2026 | Δ | • SXJT's Supplemental Responses and Objections to First Set of Requests for Production;<br>• Nanonoble's Supplemental Responses and Objections to First Set of Requests for Production. | |
| 09/29/2026 | Π | Serve on Defendants a Rule 37-2 Motion to Compel Moving Papers regarding Plaintiffs' RFP Nos. 57-59, 63-64, 66, and 131 (requests seeking source code) and Plaintiffs' Requests for Inspection | |
| 10/01/2026 | Π | Disney's Second Document Production | |
| 10/02/2026 | Π | • Disney's Third Document Production;<br>• Universal's Second Document Production;<br>• Warner Bros. Discovery's Second Document Production. | |
| 10/02/2026 | Δ | Defendants' First Document Productions | |
| 10/02/2026 | Δ | • SXJT's | |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | Supplemental Responses and Objections to First Set of Requests for Admission; <br>• Nanonoble's Supplemental Responses and Objections to First Set of Requests for Admission. | |
| 10/05/2026 | Third-Party | Motion Picture Association Responses and Objections to Document Subpoena | |
| 10/08/2026 | Π | • Disney's Responses and Objections to Third Set of Requests for Production; <br>• Universal's Responses and Objections to Second Set of Requests for Production; <br>• Warner Bros. Discovery's Responses and Objections to Second Set of Requests for Production. | |
| 10/23/2026 | Π / Δ | Parties resolve disputes regarding Plaintiffs' Rule 37-2 Motion to Compel related to Plaintiffs' Request for Inspection | |
| 10/27/2026 | Π | Universal's Third Document Production | |
| 10/28/2026 | Π / Δ | Parties resolve disputes regarding Plaintiffs' Rule 37-2 Motion to Compel related to source code requests pending PRC Review | |
| 10/29/2026 | Δ | • SXJT's Supplemental Responses and Objections to First Set of Interrogatories; <br>• Nanonoble's Supplemental Responses | |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | and Objections to First Set of Interrogatories. | |
| 10/30/2026 | Δ | Defendants' Second Document Productions | |
| 10/30/2026 | Π | • Disney's Supplemental Responses and Objections to First Set of Requests for Admission; • Universal's Supplemental Responses and Objections to First Set of Requests for Admission; • Warner Bros. Discovery's Supplemental Responses and Objections to First Set of Requests for Admission. | |
| 10/30/2026 | Π | • Second Set of Interrogatories to SXJT; • Second Set of Interrogatories to Nanonoble. | |
| 10/30/2026 | Δ | • SXJT's Second Supplemental Responses and Objections to First Set of Requests for Admission; • Nanonoble's Second Supplemental Responses and Objections to First Set of Requests for Admission. | |
| 11/02/2026 | Π | • Disney's Fourth Document Production; • Universal's Fourth Document Production; • Warner Bros. Discovery's Third Document Production. | |
| 11/06/2026 | Δ | Rule 30(b)(6) Deposition Notices to Disney, Universal, and Warner Bros. Discovery | |

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| 11/09/2026 | Π | Warner Bros. Discovery's Fourth Document Production | |
| 11/13/2026 | Π | • Second Set of Requests for Admission to SXJT;<br>• Second Set of Requests for Admission to Nanonoble | |
| 11/18/2026 | Π | Plaintiffs sent Rule 30(b)(6) deposition topics for Defendants' depositions to Defendants to start the required meet and confer process. | |
| 11/18/2026 | Π | • Disney's Fifth Document Production;<br>• Universal's Fifth Document Production;<br>• Warner Bros. Discovery's Fifth Document Production. | |
| 11/20/2026 | Δ | Defendants' Third Document Production | |

| Remaining Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| Following PRC Approval | Both | Produce Agreed Source Code and Related Technical Materials, If Approved | If PRC authorities approve production, Defendants will produce the approved source code and related technical materials, and Plaintiffs will arrange expert review. Timing depends on the government's decision. If PRC authorities do not approve production, the Parties will need to meet and confer regarding whether Plaintiffs will move to compel production. |
| 11/30/2026 | Δ | Respond to Second Set of Interrogatories | Plaintiffs served the interrogatories on October 30, 2026, and Defendants will respond by November 30, 2026. |
| 12/14/2026 | Δ | Respond to Second Set of Requests for Admission | Plaintiffs served the requests for admission on November 13, 2026, and Defendants will respond by December 14, 2026. |
| 12/18/2026 | Π | Substantially Complete Document Production | Plaintiffs began producing on August 21, 2026, and will substantially complete production by December 18, 2026. |
| 02/19/2027 | Δ | Substantially Complete Document Production (Except Materials Subject to PRC Review) | Defendants began producing on October 2, 2026, and expect to substantially complete production by February 19, 2027, except for PRC Review materials. The Parties continue to negotiate search terms and the scope of several requests. |
| 02/19/2027 | Π | Final Set of Written Discovery | Plaintiffs may need to serve additional written discovery depending on facts learned by Plaintiffs through Defendants' document productions and responses to other written discovery. |
| 02/19/2027 | Δ | Final Set of Written | Defendants may need to serve |

| Remaining Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | Discovery | additional written discovery depending on facts learned by Defendants through Plaintiffs' document productions and responses to other written discovery. |
| 03/31/2027 (proposed) | Π | Rule 30(b)(6) Depositions of SXJT and Nanonoble | Pursuant to the Rule 30(b)(6) procedures, Plaintiffs provided a list of 30(b)(6) deposition topics in November 2026. The Parties are conferring on objections and the deposition dates some of which will depend on the production of documents subject to PRC review.<br><br>SXJT is located in China, and the Parties will have to conduct depositions of Defendants in Hong Kong, Singapore, Los Angeles, remotely, or another location the Parties may agree upon.<br><br>While the depositions will commence once practicable, it is possible they may not be completed until March 31, 2027. The March 31 target leaves time for follow-up before the May 28 cutoff. |
| 03/31/2027 (proposed) | Δ | Rule 30(b)(6) Depositions of Plaintiffs | Defendants served 30(b)(6) deposition notices in November 2026 with December placeholder dates. Pursuant to Rule 30(b)(6), the Parties will be conferring on objections and the deposition dates. While the depositions will commence once practicable, it is possible they may not be completed until March 31, 2027. The March 31 target leaves time for |

| Remaining Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | | follow-up before the May 28 cutoff. |
| 03/31/2027 (proposed) | Δ | Percipient Witness Depositions | Defendants have a limited number of depositions that they may take and are evaluating the individuals to be deposed based on Plaintiffs' discovery responses and document production which remains in process. While the depositions will commence once practicable, it is possible they may not be completed until March 31, 2027. The March 31 target leaves time for follow-up before the May 28 cutoff. |
| 03/31/2027 (proposed) | Π | Percipient Witness Depositions | Plaintiffs have a limited number of depositions that they may take and are evaluating the individuals to be deposed based on Defendants' discovery responses and document production which remains in process. As noted above, Defendants anticipate substantial completion of their document production (except for PRC Review materials) by February 19, 2027. The Parties will need to meet and confer regarding the location and time of depositions because Defendants are located in China and Singapore, and will have to conduct depositions in Hong Kong, Singapore, Los Angeles, remotely, or another location the Parties may agree upon. Depositions of witnesses from China and Singapore may require travel and interpretation. The March 31 target leaves time for follow- |

| Remaining Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| | | | up before the May 28 cutoff. |
| 06/11/2027 | Both | Initial Expert Disclosures | Two weeks after the May 28 fact discovery cutoff, so experts can account for the completed record and any approved source code and related technical materials. |
| 07/09/2027 | Both | Rebuttal Expert Disclosures | Four weeks after initial disclosures to review and respond to opposing opinions. |
| 08/06/2027 | Both | Expert Depositions and Related Discovery | Four weeks after rebuttal disclosures. Expert discovery would close before the summary judgment conference for motions heard at the October 15 cutoff. |

Dated: November 22, 2026

JENNER & BLOCK LLP

By: */s/ Julie A. Shepard*
Julie A. Shepard
David Singer
Lauren M. Greene
Mark Marciszewski

Attorneys for Plaintiffs

Dated: November 22, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Robert M. Schwartz*
Robert M. Schwartz
Daniel C. Posner
Haiyan Tang
Aaron Perahia

Attorneys for Defendants