QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Daniel C. Posner (Bar No. 232009)
danposner@quinnemanuel.com
Haiyan Tang (Bar No. 255931)
haiyantang@quinnemanuel.com
Aaron Perahia (Bar No. 304554)
aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant and Counterclaimant Nanonoble Pte. Ltd. and Defendant Shanghai Xiyu Jizhi Technology Co. Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANGHAI XIYU JIZHI TECHNOLOGY CO. LTD., a Chinese limited company; and NANONOBLE PTE. LTD., a Singaporean private limited company,<br><br>Defendants. | Case No. 2:25-cv-08768-SB-E<br><br>**DECLARATION OF ROBERT M. SCHWARTZ IN SUPPORT OF JOINT MOTION FOR EXTENSION OF CASE SCHEDULE**<br><br>The Hon. Stanley Blumenfeld, Jr.<br><br>Complaint Filed: September 16, 2025<br>Trial Date: July 12, 2027 |
| AND RELATED COUNTERCLAIMS. | |

# DECLARATION OF ROBERT M. SCHWARTZ

I, Robert M. Schwartz, declare as follows:

1. I am a member of the State Bar of California and am admitted to practice in this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants Shanghai Xiyu Jizhi Technology Co. Ltd. ("SXJT") and Nanonoble Pte. Ltd. ("Nanonoble," and together with SXJT, "Defendants"). I submit this declaration in support of the Parties' Joint Motion for Extension of Case Schedule. I have personal knowledge of the facts below from my work on this case, and I could testify to them if called as a witness.

## Discovery Completed to Date

2. The Parties submitted their Joint Rule 26(f) Report on April 21, 2026, and they exchanged initial disclosures on April 24, 2026. On May 1, 2026, the Court held the Case Management Conference and entered its Case Management Order. Dkt. 40, 45.

3. Plaintiffs served their first requests for production on April 15, 2026, and their first interrogatories and requests for admission on April 30, 2026. Defendants served written responses to the requests for production on June 5, 2026, and to the interrogatories and requests for admission on June 22, 2026.

4. Counsel have met and conferred throughout discovery about the scope of both sides' requests, responses, and document productions, including on July 7, August 21, August 25, August 27, August 28, September 1, October 19, October 26, and November 16, 2026. Those discussions addressed the relevant models, time periods, geographic scope, search terms, and categories of responsive documents. The Parties have resolved some issues and narrowed others.

5. Both sides have supplemented their written discovery responses. Defendants served supplemental responses to Plaintiffs' first requests for production on September 18, 2026, to Plaintiffs' requests for admission on October 2 and October 30, 2026, and to Plaintiffs' interrogatories on October 29, 2026. In total,

Defendants have served four sets of supplemental responses. Plaintiffs have served one set, supplementing their responses to Defendants' requests for admission on October 30, 2026.

6. On October 30, 2026, Plaintiffs served a second set of interrogatories on each Defendant. Defendants will respond by November 30, 2026.

7. On June 17, 2026, Defendants served their first requests for production, interrogatories, and requests for admission on Plaintiffs. Plaintiffs served written responses on August 7, 2026. Defendants served additional requests for production on Disney on August 14, 2026, and on all three studio groups (Disney, Universal, and Warner Bros. Discovery) on September 8, 2026. Disney responded to the August requests on September 14, 2026, and the studio groups responded to the September requests on October 8, 2026.

8. On August 7, 2026, the Parties filed a stipulated protective order. Dkt. 64. Plaintiffs began rolling production on August 21, 2026, and made additional productions in October and November. Defendants began rolling production on October 2, 2026, and made additional productions on October 30, 2026, and November 20, 2026. Defendants have produced over 19,000 documents so far. Both sides continue to review and produce responsive documents. Defendants expect to substantially complete production of documents not subject to PRC review by February 19, 2027.

**<u>Remaining Document Discovery</u>**

9. Defendants are continuing to collect, review, and produce documents responsive to Plaintiffs' remaining requests. Meanwhile, the Parties continue to negotiate search terms and the scope of several requests. Defendants expect to substantially complete their production of documents responsive to Plaintiffs' requests for production by February 19, 2027, excluding materials subject to approval from the People's Republic of China ("PRC"). Plaintiffs also continue to produce documents. The Parties propose December 18, 2026, and February 19,

2027, as the deadlines for Plaintiffs and Defendants, respectively, to substantially complete ordinary document production. The Parties have resolved some discovery disputes, but others remain open, and the Parties are still discussing them. Although the Parties are working hard to avoid motion practice, it may be necessary.

**Source Code Discovery and PRC Review**

10. Defendants began addressing restrictions imposed by the PRC on producing materials in foreign judicial proceedings early in discovery. In response to Plaintiffs' May 18, 2026 letter, I wrote to Plaintiffs on June 2, 2026, identifying applicable PRC laws and regulations governing cross-border data transfers and the potential need for government approval. I explained that the requirements could apply to several categories of documents, including AI training data and algorithm source code. I also disclosed that Defendants had retained PRC counsel to address those requirements and request government approval. PRC counsel began assisting Defendants in May 2026. As Duan Zhichao explains in his separate declaration, beginning in May 2026, SXJT also communicated with relevant PRC authorities about the applicable requirements and approval procedures.

11. Plaintiffs requested several categories of Defendants' source code and related technical materials. On June 17, 2026, Plaintiffs also served a request to inspect a Hailuo AI account. Counsel conferred about these requests in October, including on October 19 and 26. They addressed each request, the scope of the proposed production, which materials require PRC review, and the timing of that review. By October 23, 2026, the Parties had resolved the inspection request.

12. The Parties met and conferred about the source code-related requests from June through October, 2026. By October 28, 2026, the Parties had agreed on the source code and related technical materials that Defendants will produce, subject to PRC approval and the negotiated request-specific scope and limits. That agreement does not resolve the timing or outcome of PRC review.

13. SXJT initiated the PRC application process on October 23, 2026. On October 30, 2026, SXJT's representative met with officials of the Ministry of Justice's Bureau of Foreign-Related Legal Affairs. On November 10, 2026, SXJT submitted a revised application package. The review remains pending. As Duan Zhichao explains in his separate declaration, Defendants cannot produce the agreed source code and related technical materials without PRC approval, the reviewing authorities may request additional information or consult other agencies, and no statute sets a deadline for the review. The Parties do not control the timing or outcome of that process.

14. If PRC authorities approve production, Defendants will prepare the approved source code and related technical materials for production under protective conditions, and Plaintiffs will arrange for their experts to review them. That review may inform the Parties' expert reports. The Parties continue to pursue other discovery while PRC review proceeds.

**Depositions and Third-Party Discovery**

15. On November 6, 2026, Defendants served Rule 30(b)(6) deposition notices on Disney, Universal, and Warner Bros. Discovery, inserting placeholder dates for the depositions for December 7, December 14, and December 21, 2026, at Quinn Emanuel's Los Angeles office. The notices list 76 testimony topics for Disney and 75 each for Universal and Warner Bros. Discovery.

16. Defendants did not expect the depositions to occur on those dates. For one thing, Plaintiffs may not have finished their productions of documents sufficiently in advance of the deposition dates to allow for the documents to be reviewed and used intelligently in the depositions. And Defendants expected Plaintiffs to object to topics, as is their right, and require the Parties to meet and confer on the topics for examination. That will take time. To accelerate that process, Defendants served the notices to get the process underway, rather than noticing them only after Plaintiffs completed their document productions. The

Parties are discussing the dates, and Defendants proposed meeting and conferring in November 2026.

17. On November 18, 2026, Plaintiffs served a letter identifying Rule 30(b)(6) deposition topics for SXJT and Nanonoble. The Parties will be conferring on objections to those topics and on the deposition dates, and the final topics will determine which witnesses Defendants must designate and prepare. Depending on the deponent, Defendants' witnesses may testify in Hong Kong, Singapore, or Los Angeles. Counsel have conferred about those locations and about remote testimony. The Parties agree that witness locations and interpretation needs may lengthen the deposition schedule.

18. The Parties propose March 31, 2027, as the target for completing their principal corporate and individual depositions. That target leaves about eight weeks for follow-up discovery and any discovery motions before the proposed May 28, 2027 fact discovery cutoff. The Parties intend to proceed with depositions without waiting for PRC review to conclude.

19. On September 8, 2026, Defendants served a document subpoena on the Motion Picture Association ("MPA"), requesting documents concerning the MPA's agreements and negotiations with generative AI providers, copyright enforcement efforts, safeguards against infringement, and analyses of MiniMax and Hailuo AI. The MPA served responses and objections on October 5, 2026. In an October 16, 2026 letter, Defendants proposed narrowing and staging the requested production. Counsel conferred on October 23, 2026. In an October 28, 2026 letter, the MPA addressed the scope of production and its remaining objections. Counsel conferred again on October 30, 2026. Defendants and the MPA continue to discuss the remaining subpoena requests.

**Proposed Schedule**

20. The Parties request a fourteen-week extension of fact discovery, from February 19 to May 28, 2027. The remaining fact discovery includes completing

both sides' document productions and written responses, pursuing the remaining third-party requests, and taking corporate and percipient-witness depositions. Many of Defendants' documents are in Chinese and will require translation, and the number of additional Chinese-language documents Defendants must review and produce will depend on ongoing negotiations over search terms. Some follow-up discovery will depend on what the outstanding documents and any approved source code and related technical materials show. Defendants must also review Plaintiffs' outstanding production and complete discovery from third parties. The proposed extension accounts for that work and for witness locations and interpretation needs. It also allows the Parties to address any discovery disputes before the cutoff.

21. Both sides anticipate offering expert testimony. Expert work can proceed during fact discovery, but the experts will need to account for the remaining factual record and any source code and related technical materials approved for production. The Parties thus propose initial expert disclosures on June 11, 2027, two weeks after the proposed fact discovery cutoff. They propose rebuttal expert disclosures on July 9, 2027, four weeks later, so that experts can review opposing reports and prepare rebuttal opinions. And they propose an August 6, 2027 expert discovery cutoff, which allows four weeks to prepare for and conduct expert depositions. Expert review of any produced source code and related technical materials may require restricted access and coordination with counsel.

22. The Parties anticipate that their summary judgment motions may rely on expert testimony. The Court's Order re Motions for Summary Judgment requires the Parties to meet and confer about their anticipated motions and supporting evidence no later than 53 days before the hearing and to exchange initial briefs within seven days after that conference. Dkt. 47 ¶ 1(e), (i). Under the proposed October 15, 2027 cutoff for hearing non-discovery motions, the latest date for that conference would be August 23, 2027, after expert discovery closes on August 6.

23. The Parties also propose extending the private settlement-conference deadline to June 25, 2027, so that they can mediate after fact discovery closes and before expert discovery ends. The Parties will continue discovery while this motion and PRC review remain pending.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 22, 2026, in Los Angeles, California.

Robert M. Schwartz